## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOAQUÍN CARCAÑO; PAYTON GREY MCGARRY; H.S., by her next friend and mother, KATHRYN SCHAFER; ANGELA GILMORE; KELLY TRENT; BEVERLY NEWELL; and AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA, <br><br>      Plaintiffs, <br><br>      v. <br><br>PATRICK MCCRORY, in his official capacity as Governor of North Carolina; UNIVERSITY OF NORTH CAROLINA; BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA; and W. LOUIS BISSETTE, JR., in his official capacity as Chairman of the Board of the University of North Carolina, <br><br>      Defendants. | Case No. 1:16-cv-00236-TDS-JEP |

### REPLY IN SUPPORT OF MOTION TO INTERVENE BY THE HON. PHIL BERGER, PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE, AND THE HON. TIM MOORE, SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES

By: /s/ S. Kyle Duncan
S. KYLE DUNCAN* (DC Bar #1010452)
  *Lead Counsel*
GENE C. SCHAERR* (DC Bar #416638)
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC 20006
202-714-9492; 571-730-4429 (fax)
kduncan@schaerr-duncan.com
*Specially Appearing Pursuant to Local Civil Rule 83.1(d)

By: /s/ Robert D. Potter, Jr.
ROBERT D. POTTER, JR. (NC Bar #17553)
ATTORNEY AT LAW
2820 Selwyn Avenue, #840
Charlotte, NC 28209
704-552-7742
rdpotter@rdpotterlaw.com

*Attorneys for Proposed Intervenors*

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................... ii

Introduction ................................................................................................................ 1

Argument .................................................................................................................... 1

    I.    Permissive intervention is unopposed, but intervention of right is also appropriate ........................................................................................... 1

    II.   Intervention is timely, regardless of the preliminary injunction briefing schedule ............................................................................................. 5

    III.  The merits of the proposed counterclaims are not properly before the Court ................................................................................................. 6

Conclusion .................................................................................................................. 9

Certificate of Service ............................................................................................... 10

## EXHIBITS

E-mail communications between counsel for Proposed Intervenors and counsel for Plaintiffs (May 24, 2016) ...................................................................................... A

# TABLE OF AUTHORITIES

**Cases**

*Arizonans for Official English v. Arizona*,
   520 U.S. 43 (1997)..................................................................................................2

*Backus v. South Carolina*,
   No. 3:11-CV-03120, 2012 U.S. Dist. LEXIS 15310 (D.S.C. Feb. 8, 2012)...............5-6

*Cincinnati Specialty, Underwriters Ins. Co., v. DMH Holdings, LLC*,
   No. 3:11-CV-357, 2013 U.S. Dist. LEXIS 25020 (N.D. Ind. Feb. 22, 2013) ...............7

*Devlin v. Scardelletti*,
   536 U.S. 1 (2002)......................................................................................................5

*Diamond v. Charles*,
   476 U.S. 54 (1986)....................................................................................................3

*Hollingsworth v. Perry*,
   133 S. Ct. 2652 (2013)..............................................................................................2

*Karcher v. May*,
   484 U.S. 72 (1987)....................................................................................................2

*Malibu Media, LLC v. Doe 1*,
   No. DKC 12-1198, 2012 U.S. Dist. LEXIS 181165 (D. Md. Dec. 21, 2012) ...............7

*NAACP v. Duplin County*,
   No. 7:88-cv-00005, 2012 U.S. Dist. LEXIS 12513 (E.D.N.C. Feb. 2, 2012) ...............3

*Pettrey v. Enter. Title Agency, Inc.*,
   No. 1:05-cv-1504, 2006 U.S. Dist. LEXIS 83957 (N.D. Ohio Nov. 17, 2006) .....7, 8-9

*Planned Parenthood of Mid-Missouri & E. Kansas, Inc. v. Ehlmann*,
   137 F.3d 573 (8th Cir. 1998) .....................................................................................2

*Scardelletti v. Debarr*,
   265 F.3d 195 (4th Cir. 2001) .....................................................................................5

*Raines v. Byrd*,
   521 U.S. 811 (1997)..................................................................................................2

*United States v. Virginia,*
    282 F.R.D. 403 (E.D. Va. 2012) ............................................................................... 5

*Utahns for Better Transp. v. U.S. Dep't of Transp.,*
    295 F.3d 1111 (10th Cir. 2002) ................................................................................ 3

*Zurich Am. Ins. Co. v. Watts Regular Co.,*
    796 F. Supp. 2d 240 (D. Mass. June 10, 2011) ........................................................ 7

**Statutes**
N.C. GEN. STAT. § 1-72.2 ................................................................................... 2, 3

**Rules**
Federal Rules of Civil Procedure
    Rule 12 .................................................................................................................. 7, 8
    Rule 24 .............................................................................................................. 1, 3, 4

**Treatises**
*Wright, Miller & Kane,*
    6 Federal Practice & Procedure 2d §1406 ............................................................... 9

# REPLY IN SUPPORT OF INTERVENTION

## INTRODUCTION

Before filing the Unopposed Motion to Intervene, undersigned counsel contacted counsel for the plaintiffs (collectively, "ACLU") and was informed in writing that plaintiffs did not oppose the motion. *See* Ex. A (e-mail correspondence). Nonetheless, the ACLU has now filed a "Response" attempting to qualify its agreement not to oppose the proposed intervention in three ways: (1) by limiting it to permissive intervention, (2) by prospectively opposing any appropriate scheduling adjustments, and (3) by prospectively seeking to preclude the proposed counterclaims.

Because Plaintiffs still do not oppose permissive intervention, it should be granted. But to the extent they oppose intervention of right, attempt to preclude appropriate scheduling adjustments, and challenge the proposed counterclaims, plaintiffs' Response is misplaced and the relief they request should be denied.

## ARGUMENT

**I.  Permissive intervention is unopposed, but intervention of right is also appropriate.**

As noted, the ACLU does not oppose permissive intervention, Response at 1-2, which should be granted. The ACLU now contends, however, that Intervenors lack Article III standing to defend the challenged statute and therefore do not meet the requirements for intervention of right under Rule 24(a)(2). *Id.* at 2 n.2. The ACLU's argument is misplaced for several reasons.

First, Intervenors plainly have standing. As explained in their supporting memorandum, Intervenors "have standing to defend the Act in federal court" because, among other reasons, they "are . . . state officials legally designated by North Carolina to act on the legislature's behalf in defending challenged laws." Mem. in Supp. of Intervention ("Mem."), at 10-11 & n.5 (citing N.C. GEN. STAT. § 1-72.2 and collecting authorities); see also *Arizonans for Official English v. Arizona*, 520 U.S. 43, 65 (1997) (confirming that "state legislators have standing to contest a decision holding a state statute unconstitutional if state law authorizes legislators to represent the State's interests") (citing *Karcher v. May*, 484 U.S. 72, 82 (1987)); *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2664 (2013) (noting that "a State must be able to designate agents to represent it in federal court").

Plaintiffs do not acknowledge those authorities, and the cases Plaintiffs do cite are not only inapposite but support Intervenors' standing. See Response at 2 n.2 (citing *Raines v. Byrd*, 521 U.S. 811, 830 (1997); *Planned Parenthood of Mid-Missouri & E. Kansas, Inc. v. Ehlmann*, 137 F.3d 573, 578 (8th Cir. 1998)). For instance, in rejecting the standing of individual members of Congress to challenge the Line Item Veto Act in *Raines*, the Supreme Court emphasized that the prospective intervenors "ha[d] not been authorized to represent their respective Houses of Congress in this action." *Raines*, 521 U.S. at 829. And the Eighth Circuit decision cited by the ACLU concedes that "legislators may obtain standing to defend the constitutionality of a legislative enactment *when authorized by state law*." *Ehlmann*, 137 F.3d at 578 (citing *Arizonans for Official*

*English*, 520 U.S. 43) (emphasis added). Here, of course, a state statute expressly authorizes Intervenors to represent the interests of the legislative branch in litigation. See N.C. GEN. STAT. § 1-72.2 (providing "[t]he Speaker of the House of Representatives and the President Pro Tempore of the Senate, as agents of the State, shall jointly have standing to intervene in any judicial proceeding challenging a North Carolina statute or provision of the North Carolina Constitution").

Second, neither permissive intervention nor intervention of right necessarily requires Article III standing. The United States Supreme Court has required only that the "interest" requirement of Rule 24 be met, provided the intervenor is aligned with an existing party who has standing (which is the case here). See *Diamond v. Charles*, 476 U.S. 54, 68-69 (1986) ("We need not decide today whether a party seeking to intervene before a district court must satisfy not only the requirements of Rule 24(a)(2) but also the requirements of Art. III."). As Judge Flanagan observed in her cogent analysis in *NAACP v. Duplin County,* No. 7:88-cv-00005, 2012 U.S. Dist. LEXIS 12513, at 7-16 (E.D.N.C. Feb. 2, 2012), "the case law on what constitutes an interest under Rule 24(a) is quite unclear," and that "sufficiency of a would-be intervenor's interest is a highly fact-specific determination." *Id.* at 8 (citing *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002)). In that case, State Representative Jimmy Dixon sought to intervene to defend a bill he had sponsored against a voting rights challenge. As in the present case, the Attorney General had declined to defend the law, and Representative Dixon asserted a "special interest" in presenting evidence about the

3

law's intended purpose, scope and effect. The court reasoned that none of the existing parties had the same interest in defending "a state law recently passed through the bicameral legislative process of the North Carolina General Assembly" and granted Representative Dixon intervention of right under Rule 24(a)(2). *Id.*

If anything, Senator Berger and Speaker Moore have even more compelling interests supporting intervention than the intervenor in *NAACP*. As already noted, they are statutorily authorized to defend the Act as the leaders of the General Assembly. Furthermore, they have uniquely broad and comprehensive interests in defending all areas of North Carolina government potentially impacted by the challenge to the Act's validity—in particular the state's educational system—and they also have a special interest in rebutting the ACLU's broad challenges to the legislative process behind the Act, which specifically target public statements ascribed to them. See Mem. at 7, 10-13, 15-17. Moreover, the Attorney General has not only refused to defend the Act but has publicly attacked it, and the Governor has not been implicated in the crucial Title IX claims. *Id.* at 12 (noting that DOJ letter to Governor did not mention Title IX, Governor's action did not raise Title IX claims, and Governor is not named as defendant in ACLU's Title IX claims).

For all these reasons, intervention by right is appropriate and the ACLU's assertion to the contrary should be rejected.

4

## II. Intervention is timely, regardless of the preliminary injunction briefing schedule.

The ACLU further suggests that intervention should not be granted if it would in any way delay the current June 9 date for responding to its pending motion for preliminary injunction. Response at 2-3. The ACLU's argument is misplaced.

First, Rule 24's concern for undue delay and prejudice has to do with the overall status of the proceeding and potential delay of final adjudication, and not with the timing of responses to any particular motion. See *United States v. Virginia,* 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely."); *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001) ("The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal."), *rev'd on other grounds, Devlin v. Scardelletti*, 536 U.S. 1 (2002). As already explained, here intervention is undoubtedly timely because this action has been pending for only approximately two months, no responsive pleadings have been filed, and discovery is not yet underway. See Mem. at 8-9 (collecting authorities). Moreover, the ACLU's preliminary injunction motion was only filed very recently on May 16.

Second, whether to make appropriate adjustments to the preliminary injunction briefing schedule is an issue properly addressed by separate motion and not in conjunction with the proposed intervention. For instance, one of the defendants, the University of North Carolina, has already filed a motion to extend its deadline to respond to the preliminary injunction motion, Doc. No. 40, which remains pending.

5

Third, *Backus v. South Carolina*, No. 3:11-CV-03120, 2012 U.S. Dist. LEXIS 15310 (D.S.C. Feb. 8, 2012), fails to support the ACLU's argument that intervention should be inflexibly conditioned on compliance with the current preliminary injunction response date. See Response at 3 (citing *Backus*). In *Backus*, a three-judge court granted permissive intervention to a state senator seeking to include his district alongside other districts in Voting Rights Act challenge. The court noted the "intense timing constraints" in the case as a reason for conditioning intervention on compliance with "the existing Scheduling Order." *Id.* at 10. Moreover, at the time intervention was sought in *Backus*, not only had the court set a comprehensive schedule for expert witness reports, discovery, and pre-trial briefing, but the parties had already filed and argued (and the court had resolved) multiple dispositive motions. See*, e.g., Backus et al. v. South Carolina*, No. 3:11-CV-03120 (D.S.C.), Doc. Nos. 46-48, 58, 59, 62-64 (briefing on motions to dismiss); Doc. No. 66 (scheduling order); Doc. No. 73 (motion for partial summary judgment); Doc. No. 76 (hearing and decisions on motions). Here, by contrast, no scheduling order has been entered, and, more to the point, this case has not yet remotely reached the same procedural stage as *Backus*. Nor are there the same "intense timing constraints" as in *Backus*: here, the ACLU filed its lawsuit on March 28 (*see* Doc. No. 1), but did not file its preliminary injunction motion until May 16 (*see* Doc. No. 21)—seven weeks later.

In sum, the Court should reject the ACLU's argument that intervention should be tied to, or should preclude any appropriate adjustment to, the current response date to the ACLU's preliminary injunction motion.

**III.   The merits of the proposed counterclaims are not properly before the Court.**

Finally, the ACLU attempts to use its Response as an opportunity to challenge Intervenors' counterclaims on the merits. But the merits of those counterclaims are not now properly before the Court; the only appropriate considerations for purposes of intervention are those stated in Rule 24 and previously elaborated in Intervenors' memorandum. If the ACLU wishes to contest Intervenor's counterclaims, it should file a motion to dismiss at the proper time, just as it would against any party. *See* LR 7.3(a) ("Each motion should be set forth in a separate pleading.")

This conclusion is confirmed by the very cases cited by the ACLU. All of those cases involve dismissals on the basis of Federal Rules of Civil Procedure 12(b)(6) and 12(f)—not on the basis of improper intervention under Rule 24. See *Pettrey v. Enter. Title Agency, Inc.,* No. 1:05-cv-1504, 2006 U.S. Dist. LEXIS 83957 (N.D. Ohio Nov. 17, 2006) (counterclaims dismissed under Rule 12(f)); *Cincinnati Specialty, Underwriters Ins. Co., v. DMH Holdings, LLC,* No. 3:11-CV-357, 2013 U.S. Dist. LEXIS 25020 (N.D. Ind. Feb. 22, 2013) (counterclaims dismissed under Rule 12(b)(6) and 12(f)); *Malibu Media, LLC v. Doe 1*, No. DKC 12-1198, 2012 U.S. Dist. LEXIS 181165 (D. Md. Dec. 21, 2012) (counterclaim dismissed under Rule 12(b)(6)); *Zurich Am. Ins. Co. v. Watts*

*Regular Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. June 10, 2011) (counterclaims dismissed under Rule 12(f) as redundant).

Furthermore, Intervenors' counterclaims are not redundant "mirror images of" or merely "parallel" to Plaintiffs' own claims. Response at 3-5. Intervenors affirmatively seek their own declaratory relief to ensure that all of the ACLU's attacks on the Act are dealt with in this litigation, rather than strategically culled only to reappear elsewhere in another forum. In addition, Intervenors' proposed Answer includes claims and allegations that do not mirror the ACLU's claims at all. See, *e.g*, Proposed Answer in Intervention (Doc. No. 36), at ¶ 150 (claiming that, under ACLU's interpretation of Title IX, the statute "violates the federal Constitution"); *id.* ¶¶ 121,124-25 (claiming that ACLU's interpretation of Title IX would cause the statute to violate the Tenth Amendment, the Spending Clause, and individuals' rights to bodily privacy and parents' rights to direct their children's upbringing and education under the Fourteenth Amendment).

Moreover, the ACLU's view of the merits is incorrect. One of their own authorities, *Pettrey*, acknowledges a split of authority on whether opposing claims for declaratory judgment should be permitted to proceed simultaneously, with the majority of cases cited holding that they should. See *Pettrey*, 2006 U.S. Dist. LEXIS at 8-10. While acknowledging the danger of "tactical dismissals" by plaintiffs, the court noted: "Because it may be difficult in most instances to determine whether counterclaims are identical early in litigation, 'the safer course for the court to follow is to deny a request to dismiss

8

a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" *Id.* at 9 (quoting *Wright, Miller & Kane*, 6 Federal Practice & Procedure 2d §1406). Not only was that analysis made under Rule 12(f), not Rule 24, but it forecloses the ACLU's inappropriate attempt to adjudicate the propriety of the counterclaims at this point in the proceedings.

If the ACLU wishes to make this erroneous argument, it may do so through an appropriate motion. In any event, the Court should not decide the merits of the Intervenors' proposed counterclaims at this early stage and without an opportunity for full briefing.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully ask the Court to grant them intervention, either permissively or by right, and without the conditions sought by the ACLU.

Respectfully submitted,

By: /s/ S. Kyle Duncan
S. KYLE DUNCAN* (DC Bar #1010452)
  *Lead Counsel*
GENE C. SCHAERR* (DC Bar #416638)
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC 20006
202-714-9492; 571-730-4429 (fax)
kduncan@schaerr-duncan.com
*Specially Appearing Pursuant to Local Civil Rule 83.1(d)*

By: /s/ Robert D. Potter, Jr.
ROBERT D. POTTER, JR. (NC Bar #17553)
ATTORNEY AT LAW
2820 Selwyn Avenue, #840
Charlotte, NC 28209
704-552-7742
rdpotter@rdpotterlaw.com

*Attorneys for Proposed Intervenors*

June 3, 2016

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ S. Kyle Duncan
S. Kyle Duncan
*Attorney for Proposed Intervenors*