IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOAQUÍN CARCAÑO, et al., )
)
        Plaintiffs, )
)
   v. ) 1:16CV236
)
PATRICK McCRORY, et al., )
)
        Defendants. )

### MEMORANDUM ORDER

Before the court is a motion to intervene in this constitutional and statutory challenge to portions of North Carolina's Public Facilities Privacy & Security Act, 2016 N.C. Sess. Laws 3, commonly known as House Bill 2 ("HB2"). Acting in their official capacities, Phil Berger, the President pro tempore of the North Carolina Senate, and Tim Moore, the Speaker of the North Carolina House of Representatives (collectively, the "proposed intervenors"), seek intervention as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, permissive intervention pursuant to Rule 24(b). (Doc. 33.) For the reasons set forth below, the motion will be granted, and the legislators will be permitted to intervene permissively.

I.    BACKGROUND

The North Carolina General Assembly passed HB 2 on March 23, 2016, and Governor Patrick L. McCrory signed the bill into law later that day. 2016 N.C. Sess. Laws 3. Among other things, HB2

states that multiple occupancy bathrooms and changing facilities, including those managed by local boards of education, must be "designated for and only used by persons based on their biological sex." Id. The law also sets statewide nondiscrimination standards, preempting local and municipal ordinances that conflict with these standards. Id.

Almost immediately, HB2 sparked multiple overlapping federal lawsuits. On March 28, 2016, the American Civil Liberties Union of North Carolina, Equality North Carolina, and several individual plaintiffs filed this action, alleging that HB2 discriminates against transgender, gay, lesbian, and bisexual individuals on the basis of sex, sexual orientation, and transgender status in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"), as well as the Equal Protection and Due Process clauses of the Fourteenth Amendment to the United States Constitution. (Doc. 1.)[1]

On May 9, 2016, the United States filed a lawsuit in this court against the State, Governor McCrory (in his official capacity), the North Carolina Department of Public Safety ("NCDPS"), the University of North Carolina, and the University of North Carolina Board of Governors, seeking a declaration that compliance with HB2's provisions relating to multiple-occupancy

---

[1] Plaintiffs filed an amended complaint on April 21, 2016. (Doc. 9.)

bathrooms and changing facilities constitutes sex discrimination in violation of Title IX, the Violence Against Women Reauthorization Act of 2013, 42 U.S.C. § 13925(b)(13) ("VAWA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and requesting an injunction against enforcement of the law. (Doc. 1 in case no. 1:16CV425 (the "425 case").)

That same day, State officials filed two separate declaratory actions in the Eastern District of North Carolina. Governor McCrory and NCDPS filed an action against the United States and the United States Department of Justice ("DOJ"), seeking a declaration that HB2 does not violate Title VII or VAWA (case no. 5:16cv238 (the "238 case"). Meanwhile, the proposed intervenors filed their own lawsuit against DOJ, seeking a declaration that HB2 does not violate Title VII, Title IX, or VAWA, as well as declarations that DOJ had violated both the Administrative Procedure Act and various constitutional provisions (case no. 5:16cv240 (the "240 case"). Finally, on May 10, 2016, an organization named North Carolinians for Privacy filed its own action in support of HB2 in the Eastern District of North Carolina, seeking declaratory and injunctive relief against DOJ and the United States Department of Education related to Title IX and VAWA (case no. 5:16cv245 (the "245 case"). On May 17, 2016, Governor McCrory and NCDPS moved to transfer their lawsuit (the 238 case)

3

to this court.  The proposed intervenors and North Carolinians for Privacy then moved to consolidate their cases (the 240 and 245 cases, respectively) with Governor McCrory and NCDPS' case (the 238 case).

On May 16, 2016, Plaintiffs filed a motion for a preliminary injunction in the present case.  (Doc. 21.)  On May 25, 2016, the proposed intervenors filed the instant motion to intervene.  (Doc. 33.)  At present, the federal court in the Eastern District has conditionally granted the proposed intervenors' motion to consolidate the 238 and 240 cases, but it has not ruled on North Carolinians for Privacy's motion to consolidate the 238 and 245 cases or Governor McCrory and NCDPS' motion to transfer the 238 case.  As a result, five separate lawsuits involving HB2 remain pending: two before this court, and three before two different judges in the Eastern District.

**II.  ANALYSIS**

The proposed intervenors seek to intervene as defendants in this case pursuant to Federal Rule of Civil Procedure 24(a) and (b).  (Doc. 33.)  Plaintiffs generally do not oppose the proposed intervenors' motion, subject to a few caveats discussed below.  (See Doc. 41 at 1.)  Because the court concludes that the motion should be granted under Rule 24(b)'s permissive intervention standards, there is no need to address the proposed intervenors' arguments that they are entitled to intervention as a matter of

4

right under Rule 24(a).

Under Rule 24(b) the court may permit anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene on timely motion. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, where a movant seeks permissive intervention as a defendant, the movant must satisfy three requirements: (1) the motion is timely; (2) the defenses or counterclaims have a question of law or fact in common with the main action; and (3) intervention will not result in undue delay or prejudice to the existing parties. See Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005); Solo Cup Operating Corp. v. GGCY Energy LLC, Civil No. WDQ-12-3194, 2013 WL 2151503, at *2 (D. Md. May 15, 2013); Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co., 223 F.R.D. 386, 387 (D. Md. 2004).[2] Trial courts are directed to construe Rule 24 liberally to allow intervention, where appropriate. Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (noting that "liberal intervention is desirable to dispose of as

---

[2] Intervention may also be denied when the intervening party would deprive the court of subject matter jurisdiction. See, e.g., Radchyshyn v. Allstate Indem. Co., 311 F.R.D. 156, 158–61 (W.D.N.C. 2015). This is not an issue in this case because all of Plaintiffs' and proposed intervenors' claims appear to rely on federal question jurisdiction. (See Doc. 9 at 6–7; Doc. 36.)

5

much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process") (citations and internal quotation marks omitted); Capacchione v. Charlotte-Mecklenburg Bd. of Educ., 179 F.R.D. 505, 507 (W.D.N.C. 1998) (same).

Here, there is no dispute the motion is timely. The proposed intervenors filed their motion on May 25, 2016, before any of the original Defendants made any filings in the case and just nine days after Plaintiffs filed their motion for preliminary injunction. See, e.g., United States v. Virginia, 282 F.R.D. 403, 405 (E.D. Va. 2012) (holding that a motion to intervene is timely where a case has not progressed past the pleadings stage); cf. MacGregor v. Farmers Ins. Exch., No. 2:10-cv-03088, 2012 WL 5380631, at *2 (D.S.C. Oct. 31, 2012) (motion to intervene untimely when filed more than five months after the passage of the court's deadline to join parties and amend the pleadings). Similarly, there is no dispute that the proposed intervenors' defenses and counterclaims share common questions of law and fact with the main action in this case. Indeed, the proposed intervenors' contemplated pleading raises factual allegations and legal arguments arising out of the same subject matter – passage of HB2 and its application – as Plaintiffs' amended complaint.

Finally, the addition of the proposed intervenors will not cause undue delay or prejudice to the original parties in this

6

case.  Because the proposed intervenors' defenses and counterclaims largely overlap with the legal and factual issues that are already present in the main action, the addition of the proposed intervenors is not likely to significantly complicate the proceedings or unduly expand the scope of any discovery in this case.  In addition, the proposed intervenors have already filed their proposed answer and counterclaims (Doc. 36), and the deadline for responses to the Plaintiffs' motion for preliminary injunction has not yet passed.  Thus, the addition of the proposed intervenors should not significantly delay proceedings in this case.

Although Plaintiffs do not oppose the proposed intervenors' motion, they do express concern that the addition of the proposed intervenors will delay resolution of their motion for preliminary injunction.  (Doc. 41 at 2-3.)  Yet, the proposed intervenors currently do not seek additional time to respond to the Plaintiffs' motion.  The court will therefore permit the legislators to intervene, and the intervenors will be subject to the same schedule as the original Defendants.  Similarly, Plaintiffs contend that the proposed intervenors should not be permitted to file an answer asserting counterclaims for declaratory relief because, they argue, the legislators lack standing to bring their own claims and, in any event, such claims are merely duplicative as a "mirror image of Plaintiffs' claims in this action." (Id. at 3-5.)  These issues have not been fully briefed, and the court declines to

7

address them at this time.  The court will consider any appropriate subsequent motions if and when they are presented.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that the proposed intervenors' motion to intervene (Doc. 33) is GRANTED.

/s/   Thomas D. Schroeder<br>United States District Judge

June 6, 2016