# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

JOAQUIN CARCANO; PAYTON GREY )
MCGARRY; H.S., by her next friend and )
mother, KATHRYN SCHAFER; ANGELA )
GILMORE; KELLY TRENT; BEVERLY )
NEWELL; and AMERICAN CIVIL )
LIBERTIES UNION OF NORTH CAROLINA,)
            )
  Plaintiffs, )
            )
    vs. )  CASE NO. 1:16-CV-00236-TDS-JEP
            )
PATRICK MCCRORY, in his official capacity )
as Governor of North Carolina; UNIVERSITY )
OF NORTH CAROLINA; BOARD OF )
GOVERNORS OF THE UNIVERSITY OF )
NORTH CAROLINA; and W. LOUIS )
BISSETTE, JR., in his official capacity as )
Chairman of the Board of Governors of the )
University of North Carolina, )
            )
  Defendants. )

## DEFENDANT PATRICK MCCRORY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Patrick McCrory ("Governor McCrory") hereby responds to plaintiffs'

first amended complaint as follows:

### FIRST DEFENSE

Governor McCrory specifically responds to the individually numbered allegations

of plaintiffs' first amended complaint as follows:

  1.  Admitted only that the amended complaint filed by plaintiffs challenges the

North Carolina Public Facilities Privacy and Security Act, N.C. Session Law 2016-3

("the Act"), which is a law duly enacted by the North Carolina General Assembly that speaks for itself. Except as expressly admitted, denied.

2. Admitted that, in February 2016, the Charlotte City Council enacted Ordinance 7056, which speaks for itself, after receiving public comments both for and against the Ordinance. Except as expressly admitted, denied.

3. It is admitted that a special session of the North Carolina General Assembly convened on or about March 23, 2016, and that the result of that session was passage of the Act. Except as expressly admitted, denied.

4. Admitted only that, upon information and belief, plaintiffs are individuals and a nonprofit organization. It is further admitted that plaintiffs seek declaratory and injunctive relief based on their interpretation of the Act. It is expressly denied that the Act discriminates against or harms any person. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 4 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

5. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 5 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

6. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 6 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

7. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 7 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

8. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 8 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

9. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 9 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

10. Upon information and belief, admitted only that plaintiff American Civil Liberties Union of North Carolina ("ACLU of NC") is a private, non-profit membership organization with its principal office in Raleigh, North Carolina. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 10 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

11. It is admitted that Governor McCrory is the duly elected governor of the State of North Carolina and that the North Carolina Constitution vests certain powers and authority in him by virtue of that office. The North Carolina Constitution is a written document and speaks for itself. It is further admitted that Governor McCrory, in his official capacity as governor, may under some circumstances, be deemed a "person" within the meaning of 42 U.S.C. § 1983. It is expressly denied that Governor McCrory may be sued in his official capacity for claims of discrimination on the basis of sexual

3

orientation or transgender status because no applicable federal statute creates such liability and because his immunity from such claims has never been validly waived, surrendered, or abrogated. Except as expressly admitted, denied.

12. It is admitted that the University of North Carolina is a public, multi-campus university that is organized and existing under North Carolina law. It is further admitted that the University of North Carolina at Chapel Hill, the University of North Carolina at Greensboro, and the University of North Carolina School of the Arts are constituent institutions. Except as expressly admitted, denied.

13. It is admitted that the Board of Governors of the University of North Carolina is responsible for the general control, supervision, and governance of the University of North Carolina. The statute cited by plaintiffs, N.C. Gen. Stat. § 116-3, speaks for itself. The remainder of the allegations of paragraph no. 13 of plaintiffs' amended complaint state legal conclusions to which no response is necessary and are otherwise not addressed to this answering defendant. To the extent a response is deemed necessary from this answering defendant, denied. Except as expressly admitted, denied.

14. Admitted that defendant W. Louis Bissette, Jr., is the Chairman of the Board of Governors of the University of North Carolina. The remainder of the allegations of paragraph no. 14 of plaintiffs' amended complaint state legal conclusions to which no response is necessary and are otherwise not addressed to this answering defendant. To the extent a response is deemed necessary from this answering defendant, denied. Except as expressly admitted, denied.

15. The allegations of paragraph no. 15 of plaintiffs' amended complaint state legal conclusions to which no response is necessary. To the extent a response is deemed necessary from this answering defendant, admitted only that the Act is a duly enacted North Carolina statute with which all defendants are obligated to comply. It is expressly denied that the Act discriminates against or harms any person. Except as expressly admitted, denied.

16. The allegations of paragraph no. 16 of plaintiffs' amended complaint state legal conclusions to which no response is necessary. To the extent a response is deemed necessary from this answering defendant, admitted only that plaintiffs cite 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq. as bases for their amended complaint. Except as expressly admitted, denied.

17. The allegations of paragraph no. 17 of plaintiffs' amended complaint state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, it is admitted only that this Court generally has jurisdiction over claims of unlawful discrimination under federal law. It is, however, expressly denied that this Court has jurisdiction over claims that any of the defendants named by plaintiffs herein have discriminated on the basis of sexual orientation or transgender status because neither the United States Constitution nor any applicable federal statute creates such liability and because defendants' immunity from such claims has never been validly waived, surrendered, or abrogated. Except as expressly admitted, denied.

18. The allegations of paragraph no. 18 of plaintiffs' amended complaint state legal conclusions to which no response is necessary. To the extent a response is deemed

necessary, it is admitted only that venue for this action is properly laid in the United States District Court for the Middle District of North Carolina. Except as expressly admitted, denied.

19.     The allegations of paragraph no. 19 of plaintiffs' amended complaint state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, it is admitted only that this Court generally has the authority to enter declaratory judgments and provide injunctive relief. It is expressly denied, however, that this Court has jurisdiction over claims that any of the defendants named by plaintiffs herein have engaged in unlawful discrimination on the basis of sexual orientation or transgender status because neither the United States Constitution nor any applicable federal statute creates such liability and because defendants' immunity from such claims has never been validly waived, surrendered, or abrogated. Except as expressly admitted, denied.

20.     The allegations of paragraph no. 20 of plaintiffs' amended complaint state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, it is admitted only that Governor McCrory is domiciled in the State of North Carolina and that the domicile of the other defendants named herein is an allegation not addressed to this answering defendant. It is expressly denied, however, that this Court has jurisdiction over claims that any of the defendants named by plaintiffs herein have engaged in unlawful discrimination on the basis of sexual orientation or transgender status because neither the United States Constitution nor any applicable federal statute

creates such liability and because defendants' immunity from such claims has never been validly waived, surrendered, or abrogated. Except as expressly admitted, denied.

21. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 21 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

22. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 22 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

23. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 23 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

24. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 24 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

25. Denied.

26. It is admitted only that a child born in the State of North Carolina is typically issued a birth certificate that reflects his or her biological sex. Upon information and belief, this is the practice that is generally followed throughout the United States and most of the rest of the world. It is further admitted, upon information and belief, that children born with ambiguous genitalia generally require further examination in order to determine their sex. Except as expressly admitted, denied.

27. Denied.

7

28.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 28 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

29.     Admitted, upon information and belief, that gender dysphoria is a psychological disorder recognized by the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth ed. (2013) (DSM-V), the American Medical Association, and the American Psychological Association.  Except as expressly admitted, denied.

30.     Admitted, upon information and belief, that gender dysphoria is a psychological condition recognized in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth ed. (2013) (DSM-V), the American Medical Association, and the American Psychological Association.  Except as expressly admitted, denied.

31.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 31 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

32.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 32 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

33.     Denied.

34. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 34 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

35. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 35 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

36. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 36 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

37. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 37 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

38. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 38 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

39. Denied.

40. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 40 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

41. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 41 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

42.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 42 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

43.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 43 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

44.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 44 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

45.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 45 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

46.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 46 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

47.     Denied.

48.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 48 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

49.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 49 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

50.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 50 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

51.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 51 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

52.     Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 52 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

53.     Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 53 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

54.     Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph

no. 54 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

55.    Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 55 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

56.    This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 56 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

57.    This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 57 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

58.    This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 58 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

59.    This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 59 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

60.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 60 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

61.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 61 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

62.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 62 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

63.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 63 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

64.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 64 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

65.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 65 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

66.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 66 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

67.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 67 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

68.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 68 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

69.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 69 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

70.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 70 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

71.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 71 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

72.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 72 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

73.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 73 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

74. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 74 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

75. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 75 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

76. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 76 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

77. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 77 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

78. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 78 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

79. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 79 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

80. Denied.

81. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 81 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

15

82. Denied.

83. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 83 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

84. Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 84 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

85. Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 85 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

86. Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 86 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

87. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 87 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

88. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 88 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

89. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 89 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

90. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 90 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

91. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 91 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

92. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 92 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

93. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 93 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

94.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 94 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

95.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 95 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

96.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 96 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

97.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 97 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

98.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 98 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

99.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 99 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

100.    This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 100 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

101.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 101 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

102.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 102 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

103.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 103 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

104.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 104 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

105.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 105 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

106.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 106 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

107.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 107 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

108. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 108 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

109. Denied.

110. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 110 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

111. Denied.

112. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 112 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

113. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 113 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

114. Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 114 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

115. Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their

biological sex. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 115 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

116. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 116 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

117. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 117 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

118. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 118 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

119. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 119 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

120. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 120 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

121. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 121 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

122. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 122 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

123. The allegations of paragraph no. 123 concerning the effects of the Act as well as Charlotte Ordinance 7056 are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, this answering defendant denies that the Act results in discrimination against plaintiff Gilmore or any other person. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 123 of plaintiffs' amended complaint, and those allegations are therefore deemed denied. Except as expressly admitted, denied.

124. This answering defendant denies that the Act results in any discrimination against plaintiff Gilmore or any other person. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 124 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

125. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 125 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

126. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 126 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

127. The allegations of paragraph no. 127 concerning the effects of the Act as well as Charlotte Ordinance 7056 are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, this answering defendant denies that the Act results in discrimination against plaintiffs Trent and Newell or any other person. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 127 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

128. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 128 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

129. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 129 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

130. The allegations of paragraph no. 130 concerning the effects of the Act as well as Charlotte Ordinance 7056 are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, this answering defendant denies that the Act results in discrimination against plaintiffs Trent and Newell or any other person. Except as expressly admitted, denied.

131. This answering defendant denies that the Act results in any discrimination against plaintiffs Trent and Newell or any other person. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained within paragraph no. 131 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

132. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 132 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

133. Admitted that the Charlotte City Council's records of proceedings are a matter of public record and speak for themselves. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 133 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

134. Admitted that the Charlotte City Council's records of proceedings are a matter of public record and speak for themselves. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 134 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

135. It is admitted that the United States Supreme Court's decision in Obergefell v. Hodges, 235 S. Ct. 2071 (2015), legalized same-sex marriage throughout the United States. It is denied that the Act results in discrimination against any person. Except as expressly admitted, denied.

136. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 136 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

137.    This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 137 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

138.    Admitted that on or about February 22, 2016, by a 7 to 4 vote, the Charlotte City Council approved Ordinance 7056, which speaks for itself.  Except as expressly admitted, denied.

139.    Admitted only that there was public opposition regarding the effects Charlotte's passage of Ordinance 7056.  Except as expressly admitted, denied.

140.    Denied.

141.    It is admitted only that the City of Charlotte has enacted certain ordinances governing access to public accommodations over time.  Except as expressly admitted, denied.

142.    It is admitted that the Act and the Charlotte City Ordinance 7056 speak for themselves.  Except as expressly admitted, denied.

143.    It is admitted that Governor McCrory expressed concerns about the effects Charlotte's passage of Ordinance 7056 would have on privacy and safety.  It is further admitted that Governor McCrory expressed his belief that the General Assembly would likely take appropriate action to prevent private businesses in Charlotte from being denied the right to set their own policies regarding use of their restroom and changing facilities according to sex and to protect privacy and safety generally.  Except as expressly admitted, denied.

144.   It is admitted only that some members of the North Carolina General Assembly made public statements regarding the Act, including its effect on Charlotte Ordinance 7056.  Except as expressly admitted, denied.

145.   It is admitted only that Governor McCrory did not call a special session of the North Carolina General Assembly.  Except as expressly admitted, denied.

146.   It is admitted that Governor McCrory did not call a special session of the North Carolina General Assembly.  It is further admitted that the proceedings of the North Carolina General Assembly are a matter of public record and that those records speak for themselves.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph no. 146, and those allegations are therefore deemed denied.

147.   It is admitted only that the Act is called the "Public Facilities Privacy and Security Act."  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 147 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

148.   It is admitted only that certain members of the North Carolina General Assembly made public statements regarding the Act, including its effect on Charlotte Ordinance 7056.  Except as expressly admitted, denied.

149.   It is admitted only that certain members of the North Carolina General Assembly made public statements regarding the Act, including its effect on Charlotte Ordinance 7056.  Except as expressly admitted, denied.

150.    It is admitted only that the proceedings of the North Carolina General Assembly are a matter of public record and that those records and the Act speak for themselves.  Except as expressly admitted, denied.

151.    It is admitted only that the proceedings of the North Carolina General Assembly are a matter of public record and that those records and the Act speak for themselves.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 151 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

152.    It is admitted only that the proceedings of the North Carolina General Assembly are a matter of public record and that those records and the Act speak for themselves.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 152 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

153.    It is admitted only that the proceedings of the North Carolina General Assembly are a matter of public record and that those records and the Act speak for themselves.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 153 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

154.    It is admitted only that the proceedings of the North Carolina General Assembly are a matter of public record and that those records and the Act speak for themselves.  This answering defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained within paragraph no. 154 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

155. It is admitted that the proceedings of the North Carolina General Assembly are a matter of public record and that those records and the Act speaks for themselves. It is further admitted that certain members of the North Carolina General Assembly made public statements regarding the Act, including its effect on Charlotte Ordinance 7056. Additionally, it is admitted that the Act was unanimously passed by the North Carolina Senate and that no Democratic member of the North Carolina Senate voted when the Act was presented to that body for final passage. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 155 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

156. It is admitted only that various public officials made public statements regarding the Act, including its effect on Charlotte Ordinance 7056. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 156 of plaintiffs' amended complaint, including all subparts, and those allegations are therefore deemed denied.

157. It is admitted only that the proceedings of the North Carolina General Assembly are a matter of public record and that those records and the Act speak for themselves. Except as expressly admitted, denied.

158. It is admitted only that Governor McCrory signed the Act into law on March 23, 2016, and issued a signing statement that speaks for itself. Except as expressly admitted, denied.

159. It is admitted only that the Act speaks for itself.

160. It is admitted only that the Act speaks for itself.

161. It is admitted only that the Act speaks for itself.

162. The allegations of paragraph no. 162 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, it admitted that North Carolina law establishes a process for individuals to have the sex reflected on their birth certificates changed. Except as expressly admitted, denied.

163. The allegations of paragraph no. 163 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, it admitted that North Carolina law establishes a process for individuals to have the sex reflected on their birth certificates changed. Except as expressly admitted, denied.

164. Denied.

165. Denied.

166. It is admitted only that there have long been provisions in North Carolina statutory and common law that generally prohibit assaulting or injuring other persons. It is denied that permitting one sex to access the restroom or changing facility of another does not result in an increase in public safety or negatively affect the well-being of persons using those facilities. It is further denied that the Act does not enhance public safety. Except as expressly admitted, denied.

29

167.   Denied.

168.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 168 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

169.   Admitted only that the Act generally requires that multiple-occupancy restroom and changing facilities be designated for and used by persons based on their biological sex.  Except as expressly admitted, denied.

170.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 170 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

171.   Upon information and belief, it is admitted that President Spellings issued a directive to chancellors within the University of North Carolina System regarding compliance with the Act.  That directive is a written document and speaks for itself. Except as expressly admitted, denied.

172.   It is admitted that the press release, video statement, and EO 93 all speak for themselves.

173.   It is admitted that EO 93 is a written document that speaks for itself.

174.   It is admitted that EO 93 is a written document that speaks for itself.

175.   It is admitted only that, under the Act, public agencies generally require multiple occupancy restrooms and changing facilities to be designated for and used by persons based on biological sex, as stated on a person's birth certificate.  The Act also

allows for accommodations based on special circumstances. Except as expressly admitted, denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   The allegations of paragraph no. 180 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, denied.

181.   Denied.

182.   Denied.

CLAIMS FOR RELIEF

COUNT I

183.   This answering defendant incorporates paragraph nos. 1 through 182 of the above answer as if fully set forth herein.

184.   It is admitted that plaintiffs seek declaratory and injunctive relief based on their interpretation of the Act. Except as expressly admitted, denied.

185.   The allegations of paragraph no. 185 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, it is admitted only that the Fourteenth Amendment to the United States Constitution states, in part, that no state may "deny to any person within its jurisdiction the equal protection of the laws," and that 42 U.S.C. § 1983 allows for suits to enforce constitutional rights against certain defendants under certain circumstances. It is expressly denied that this Court has

jurisdiction over claims that any of the defendants named by plaintiffs herein have discriminated on the basis of sexual orientation or transgender status because neither the United States Constitution nor any applicable federal statute creates such liability and because defendants' immunity from such claims has never been validly waived, surrendered, or abrogated. Except as expressly admitted, denied.

186.   It is admitted only that plaintiffs have asserted certain claims for relief in Section A of Count I of their amended complaint against defendants Governor McCrory, the Board of Governors of the University of North Carolina, and Chairman Bissette. Except as expressly admitted, denied.

187.   The allegations of paragraph no. 187 state legal conclusions to which no response is necessary.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   It is admitted only that, under the Act, public agencies generally require multiple occupancy restrooms and changing facilities to be designated for and used by persons based on biological sex, as stated on a person's birth certificate. The Act also allows for accommodations based on special circumstances. Except as expressly admitted, denied.

194.   It is admitted only that the Act speaks for itself.  It is denied that the Act is discriminatory.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph no. 194 as they concern application of the Act to specific individuals about whom this answering defendant lacks relevant knowledge and information, and therefore those allegations are deemed denied.  Except as expressly admitted, denied.

195.   It is admitted that typically a child's sex is ascertained at birth according to biological facts.  It is further admitted, upon information and belief, that children born with ambiguous genitalia generally require further examination in order to determine their sex.  Except as expressly admitted, denied.

196.   Denied.  It is specifically denied that the Act is discriminatory, and it is further specifically denied that the Act's provisions are not rationally and substantially related to legitimate and important governmental interests.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   It is admitted only that plaintiffs have asserted certain claims for relief in Section B of Count I of their amended complaint against Governor McCrory.  Except as expressly admitted, denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   It is admitted, generally, that gender identity or transgender status does not interfere with a person's ability to contribute to society.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   It is admitted, generally, that sexual orientation does not interfere with a person's ability to contribute to society.

218.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 218 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

219.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph no. 219 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

COUNT II

220. This answering defendant incorporates paragraph nos. 1 through 219 of the above answer as if fully set forth herein.

221. Admitted.

222. The allegations of paragraph no. 222 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, denied. It is expressly denied that a person's biological sex is sensitive, personal information protected by the Due Process Clauses of the United States Constitution.

223. The allegations of paragraph no. 223 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, denied. It is expressly denied that a person's biological sex is sensitive, personal information protected by the Due Process Clauses of the United States Constitution.

224. Denied.

225. Denied.

226. Denied.

COUNT III

227. This answering defendant incorporates paragraph nos. 1 through 226 of the above answer as if fully set forth herein.

228. The allegations of paragraph no. 228 state legal conclusions to which no response is necessary.

229. The allegations of paragraph no. 229 state legal conclusions to which no response is necessary.

35

230.   Denied.

231.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 231 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

232.   The allegations of paragraph no. 232 state legal conclusions to which no response is necessary.   To the extent a response is deemed necessary, it admitted that North Carolina law establishes a process for individuals to have the sex reflected on their birth certificates changed.   The statute cited by plaintiffs, N.C. Gen. Stat. § 130A-118(b)(4), speaks for itself.   Except as expressly admitted, denied.

233.   It is admitted only that, under the Act, public agencies generally require multiple occupancy restrooms and changing facilities to be designated for and used by persons based on biological sex, as stated on a person's birth certificate.   The Act also allows for accommodations based on special circumstances.   This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph no. 233 of plaintiffs' amended complaint, and those allegations are therefore deemed denied.

234.   Denied.

## COUNT IV

235.   This answering defendant incorporates paragraph nos. 1 through 234 of the above answer as if fully set forth herein.

236.   The allegations in paragraph no. 236 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not

require a response from this answering defendant. To the extent a respond is deemed necessary, it is admitted only that Title IX of the Education Amendments of 1972 speaks for itself.

237. The allegations in paragraph no. 237 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not require a response from this answering defendant. To the extent a response is deemed necessary, denied.

238. The allegations in paragraph no. 238 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not require a response from this answering defendant. To the extent a response is deemed necessary, it is only admitted, upon information and belief, that the University of North Carolina receives financial assistance from the federal government. Except as expressly admitted, denied.

239. The allegations in paragraph no. 239 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not require a response from this answering defendant. To the extent a response is deemed necessary, the Act speaks for itself.

240. The allegations in paragraph no. 240 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not require a response from this answering defendant. To the extent a response is deemed necessary, the Act speaks for itself.

241.    The allegations in paragraph no. 241 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not require a response from this answering defendant.  To the extent a response is deemed necessary, denied.

242.    The allegations in paragraph no. 242 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not require a response from this answering defendant.  To the extent a response is deemed necessary, denied.

243.    The allegations in paragraph no. 243 of the amended complaint are in support of plaintiffs' claims against the University of North Carolina and thus do not require a response from this answering defendant.  To the extent a response is deemed necessary, denied.

Governor McCrory denies that plaintiffs are entitled to any of the relief sought in their prayer for relief.  Each and every allegation of plaintiffs' amended complaint not elsewhere responded to is hereby expressly denied by Governor McCrory.

<u>SECOND DEFENSE</u>

Pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, Governor McCrory hereby asserts the defense of lack of subject-matter jurisdiction and the defense of lack of personal jurisdiction due to the fact that each of the defendants named by plaintiffs, as either a state or an arm or instrumentality of the State of North Carolina, enjoys sovereign immunity, that this immunity has never been waived for claims of discrimination based on sexual orientation or transgender status, that the states

38

did not surrender this immunity as part of ratifying the Constitution, and that Congress has never abrogated state sovereign immunity for claims of discrimination based on sexual orientation or transgender status. Even assuming there has been a purported Congressional abrogation of such immunity, which is denied, this abrogation would not be addressed to remedying a direct violation of rights secured by the Fourteenth Amendment and would thus fail the test of congruence and proportionality under Section 5 of the Fourteenth Amendment. Therefore, any such abrogation would be invalid. Accordingly, plaintiffs' amended complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).

<u>THIRD DEFENSE</u>

Additionally, Congress lacks the requisite power under the United States Constitution's Commerce Clause to regulate states and/or abrogate state sovereign immunity with respect to how sexual orientation and transgender status are best protected under state law. As such, for this reason as well, there exists a lack of subject-matter and personal jurisdiction, and plaintiffs' amended complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).

<u>FOURTH DEFENSE</u>

Plaintiffs' amended complaint fails to state a claim upon which relief can be granted because neither sexual orientation nor gender identity gives rise to a protected class under the United States Constitution, and therefore plaintiffs' amended complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Even if sexual orientation or transgender status were protected by the United States

Constitution, the Act is not discriminatory. Furthermore, this answering defendant intends, and is authorized under North Carolina law, to accommodate transgender individuals. The United States Constitution does not prohibit balancing the special circumstances posed by transgender individuals with the right of bodily privacy held by non-transgender individuals in the same settings.

As such, plaintiffs' amended complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, Governor McCrory hereby further asserts the defense of failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the reasons set forth in the other affirmative defenses enumerated within this answer, which are incorporated herein by reference. Therefore, taken both individually and collectively, the affirmative defenses contained within this answer demonstrate that plaintiffs' amended complaint fails to state a claim upon which relief can be granted, and plaintiffs' amended complaint should be dismissed.

FIFTH DEFENSE

Plaintiffs' reinterpretation of the United States Constitution will result in violation of fundamental rights protected by the Due Process Clauses of the United States Constitution. "Fundamental rights" under the Due Process Clauses of the Fifth and Fourteenth Amendments are those rights that are deeply rooted in the nation's history and traditions and are implicit in the concept of ordered liberty. Governor McCrory has standing to assert these rights on behalf of the citizens and residents.

Plaintiffs' reinterpretation of federal constitutional law and the policies now demanded by the plaintiffs in order to implement that reinterpretation would result in government infringement upon these fundamental rights. A government may only infringe upon a fundamental right if its actions can satisfy strict scrutiny review. The actions plaintiffs seek here, however, cannot satisfy strict scrutiny review. Specifically, there is no compelling reason for such actions, and plaintiffs' proposed action is not the least restrictive means of advancing any such governmental interest. Therefore, the action demanded by the plaintiffs would result in violation of constitutional rights, and plaintiffs' amended complaint should be dismissed.

SIXTH DEFENSE

Governor McCrory expressly denies that either the Act or any steps taken toward its enforcement violate the United States Constitution in any respect, including the Due Process and Equal Protection Clauses of the Fourteenth Amendment. More specifically, Governor McCrory expressly alleges that the Act is subject to rational basis review, rather than any heightened scrutiny, and that the Act is rationally related to legitimate government interests. Thus, it is constitutional. Even if the Act were subject to intermediate scrutiny, which is expressly denied, the Act would still be constitutional because it is substantially related to important, significant, and/or substantial governmental interests. The Act would even be constitutional under strict scrutiny review because it is narrowly tailored to achieve compelling governmental interests, and it is the least restrictive means of achieving those interests.

Furthermore, the Act does not discriminate against or otherwise target any constitutionally suspect classification. The Act likewise does not burden or infringe upon any fundamental right protected by the Due Process Clause of the Fourteenth Amendment or otherwise restrict rights in a manner that would warrant heightened scrutiny under the United States Constitution. It is specifically denied that the Act in any way compels an individual to disclose constitutionally protected information or undergo forced surgical treatment.

Therefore, the Act is constitutional, and plaintiffs' amended complaint should be dismissed.

SEVENTH DEFENSE

Plaintiffs' amended complaint should be dismissed because it does not plausibly allege, nor will the proof in this case establish, any pattern or practice of illicit discrimination by the defendants named herein.

EIGHTH DEFENSE

Plaintiffs' amended complaint should be dismissed because it does not plausibly allege, nor will the proof in this case establish, that the Act at issue is facially unconstitutional.

**PRAYER FOR RELIEF**

WHEREFORE, Governor Patrick L. McCrory respectfully requests the following relief:

1. That the claims asserted in the amended complaint filed by the plaintiffs be dismissed with prejudice;

42

2.     That plaintiffs be denied their requested relief, including relief in the form of preliminary and permanent injunctions;

3.     That Governor McCrory recover his fees and costs in this matter, including attorneys' fees, as allowed by law;

4.     That the costs of this action be taxed to the plaintiffs; and

5.     That Governor McCrory have such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 9th day of June, 2016.

By:  /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.
Federal Bar #7716
*Counsel for Governor McCrory*
BOWERS LAW OFFICE LLC
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 753-1099
Fax:  (803) 250-3985
Email: butch@butchbowers.com

By:  /s/ Robert N. Driscoll
Robert N. Driscoll*
*Counsel for Governor McCrory*
MCGLINCHEY STAFFORD
1275 Pennsylvania Avenue NW
Suite 420
Washington, DC 20004
Telephone: (202) 802-9950
Facsimile: (202) 403-3870
E-mail: rdriscoll@mcglinchey.com
*appearing pursuant to Local Rule 83.1(d)

By:  /s/ Robert C. Stephens
Robert C. Stephens (State Bar #4150)
*Counsel for Governor McCrory*
General Counsel

Office of the Governor of North Carolina
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
Facsimile:  (919) 733-2120
E-mail: bob.stephens@nc.gov

By:  /s/ William W. Stewart, Jr.
William W. Stewart, Jr. (State Bar #21059)
Frank J. Gordon (State Bar #15871)
B. Tyler Brooks (State Bar #37604)
*Counsel for Governor McCrory*
MILLBERG GORDON STEWART PLLC
1101 Haynes Street, Suite 104
Raleigh, NC  27604
Telephone: (919) 836-0090
Fax:  (919) 836-8027
Email: bstewart@mgsattorneys.com
         fgordon@mgsattorneys.com
         tbrooks@mgsattorneys.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participating attorneys.

This the <u>9th</u> day of June, 2016.

By:  <u>/s/ William W. Stewart, Jr.</u>
William W. Stewart, Jr. (State Bar #21059)
*Counsel for Governor McCrory*
MILLBERG GORDON STEWART PLLC
1101 Haynes Street, Suite 104
Raleigh, NC  27604
Telephone: (919) 836-0090
Fax:  (919) 836-8027
Email: bstewart@mgsattorneys.com