```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   UNITED STATES OF AMERICA,       ) CASE NO. 1:16CV425
                                     )
 4          Plaintiff,               )
                                     )
 5   v.                              )
                                     )
 6   STATE OF NORTH CAROLINA;        )
     PATRICK MCCRORY, in his         )
 7   official capacity as Governor   )
     of North Carolina; NORTH        )
 8   CAROLINA DEPARTMENT OF PUBLIC   )
     SAFETY; UNIVERSITY OF NORTH     )
 9   CAROLINA; and BOARD OF          )
     GOVERNORS OF THE UNIVERSITY OF  )
10   NORTH CAROLINA,                 )
                                     ) Winston-Salem, North Carolina
11                                   ) June 16, 2016
            Defendants.              ) 4:40 p.m.
12   _____
```

```
13


14        TRANSCRIPT OF THE TELEPHONE CONFERENCE/MOTION HEARING
              BEFORE THE HONORABLE THOMAS D. SCHROEDER
15                  UNITED STATES DISTRICT JUDGE

16   APPEARANCES:

17   For the Plaintiff:    COREY STOUGHTON, ESQ.
                           LORI KISCH, ESQ.
18                         TOREY CUMMINGS, ESQ.
                           TARYN NULL, ESQ.
19                         DWAYNE BENSING, ESQ.
                           U. S. DEPARTMENT OF JUSTICE
20                         Civil Rights Division
                           950 Pennsylvania Avenue, NW
21                         Washington, DC 20530

22                         RIPLEY RAND, U.S. ATTORNEY
                           101 S. Edgeworth Street, 4th Floor
23                         Greensboro, North Carolina 27401

24
         Proceedings recorded by mechanical stenotype reporter.
25        Transcript produced by computer-aided transcription.
```

```
 1   APPEARANCES:   (Continued)

 2   For the Defendants:

 3   (State of NC,
     Governor McCrory,
 4   DPS)                  KARL S. BOWERS , JR., ESQ.
                           BOWERS LAW OFFICE, LLC
 5                         P.O. Box 50549
                           Columbia, South Carolina 29250
 6
                           ROBERT C. STEPHENS, ESQ.
 7                         LINDSEY WAKELY, ESQ.
                           JONATHAN HARRIS, ESQ.
 8                         OFFICE OF THE GENERAL COUNSEL
                           OFFICE OF THE GOVERNOR
 9                         116 W. Jones Street
                           Raleigh, North Carolina 27699
10

11   (UNC)                 NOEL J. FRANCISCO, ESQ.
                           JAMES BURNHAM, ESQ.
12                         JONES DAY
                           51 Louisiana Avenue, N.W.
13                         Washington, DC 20001

14                         CAROLYN C. PRATT, ESQ.
                           UNIVERSITY OF NORTH CAROLINA
15                         P.O. Box 2688
                           Chapel Hill, North Carolina 27517
16

17   (Intervenors)         STUART K. DUNCAN, ESQ.
                           GENE SCHAERR, ESQ.
18                         SCHAERR DUNCAN, LLP
                           1717 K Street, NW, Suite 900
19                         Washington, DC 20006

20

21   Court Reporter:       BRIANA NESBIT, RPR
                           Official Court Reporter
22                         P.O. Box 20991
                           Winston-Salem, North Carolina 27120
23

24

25
```

```
1                    P R O C E E D I N G S
2          THE COURT:  Okay.  We are on the record now in
3    1:16CV425, United States of America versus State of North
4    Carolina, et al.
5          I understand there are a number of folks on the
6    phone.  Let me go ahead and have everyone note your appearance.
7    Let me start with the Plaintiff, United States.  Who is
8    appearing today?
9          MR. RAND:  Good afternoon, Judge Schroeder.  This is
10   Ripley Rand with the U.S. Attorney's Office, and Corey
11   Stoughton from the Civil Rights Division of the Department of
12   Justice is also on the call, as well as I believe some other
13   folks.
14         MS. STOUGHTON:  Your Honor, this is Corey Stoughton.
15   I'm here with Lori Kisch, Torey Cummings, Taryn Null, and
16   Dwayne Bensing from the Civil Rights Division.
17         THE COURT:  All right.  Welcome.  How about for the
18   UNC Defendants, UNC and the Board of Governors?
19         MR. FRANCISCO:  This is Noel Francisco of Jones Day
20   for UNC and the UNC Board of Governors.  Also appearing in the
21   case with me are James Burnham of Jones Day and Carolyn Pratt
22   of the University of North Carolina General Counsel's Office.
23   Also on the phone with us is Vivek Suri of Jones Day.
24         THE COURT:  And how about for the State of North
25   Carolina and the Governor, Governor McCrory?
```

USA v. NC, et al. – Motion Hearing – 6/16/16

1          **MR. BOWERS:**  Good afternoon, Your Honor.  This is

2   Butch Bowers.  It is good to be with you again.  I am here on

3   behalf of the Governor of the state and Secretary Perry, along

4   with Bob Stevens, Lindsey Wakely, and Jonathan Harris.  All

5   three are from the Office of the Governor.

6          **THE COURT:**  All right.  And do I have the -- I guess

7   it's the intervenors -- proposed intervenors at this time?

8          **MR. DUNCAN:**  Yes, Your Honor, good afternoon.  This

9   is Kyle Duncan, and I'm joined by my colleague, Gene Schaerr,

10  and also our local counsel, Robert Potter.  We represent the

11  proposed intervenors in this action, who are President Pro Tem

12  Phil Berger and the House Speaker, Tim Moore.

13         **THE COURT:**  All right.  Is there anybody else on the

14  phone that has not made an introduction?

15         All right.  Hearing none, thank you for setting time

16  aside on short notice.  Four or five days ago, maybe six days

17  ago, I think we -- I guess it looks like seven days ago,

18  June 10th, there was a filing of a motion as a joint motion to

19  enjoin the automatic suspension of funds received under the

20  Violence Against Women Act, Document 37 in the case.

21         I wanted to get you on the phone today because even

22  though it's presented to the Court as a consented-to motion, I

23  think there are some serious questions about whether the Court

24  has the authority to do what the parties are asking the Court

25  to do, and it looks like there is a deadline that's running.  I

USA v. NC, et al. - Motion Hearing - 6/16/16

1  wanted to give everybody enough heads-up about that.

2         Simply put, it appears that under the statute that

3  whenever the attorney general files a civil action, which would

4  include the present action, that the Government must suspend

5  payments within 45 days of the filing of the action and that

6  the only exception to that is if the Court grants such

7  preliminary relief that may be available by law.

8         The cases in the Fourth Circuit and around the

9  country indicate that the standard to be applied is the

10 standard for a preliminary injunction.  This presents an

11 unusual question in this case because there's no doubt that the

12 representation is that funds used here by the State of North

13 Carolina are for the extremely important services involving

14 programs that protect some of the most vulnerable in our

15 society, including these rape prevention programs.

16         What I am concerned about, though, is that what's

17 presented to me is, in essence, a consent agreement of the

18 parties that the Court should suspend the funds because that's

19 in the best public interest.  My concern is that the statute

20 seems to clearly require the suspension of funds as a provision

21 of the statute that reflects the judgment of Congress, and I

22 have serious questions as to whether this Court has the

23 authority to stop that process merely by the entry of an order

24 because the parties agree to it in the case.  I have a serious

25 question of whether that would override the will of Congress.

USA v. NC, et al. – Motion Hearing – 6/16/16

1        It seems, from what I can tell from my research, that

2   Congress drafted these laws to give the Federal Government

3   certain powers and to put certain pressures on other parties

4   who receive federal funds, and a condition of receipt seems to

5   be compliance with other important federal laws.

6        So I noticed in the briefing there was a statement on

7   page 6 of the brief that the likelihood-of-success factor is,

8   quote, of dubious value in light of the joint nature of the

9   motion.  I'm not sure I can quite agree with that because,

10  based on what I understand the law to be, I would have to make

11  findings equivalent to those for preliminary relief under the

12  four-part preliminary injunction test, which would include a

13  finding that the Defendants can show likelihood of success on

14  the merits.  It's not entirely clear to me, and I presume

15  otherwise that the Government is not conceding success on the

16  merits by filing this motion.

17       So it's postured in an unusual sense, and I am not

18  sure I'm in a position that I would even be able to sign a

19  consent order under these circumstances, certainly given the

20  present posture.  The parties have not indicated to me my

21  authority to do that, and I have a concern that if I were

22  simply to do that because nobody disagrees with it, that that

23  would be overriding the will of Congress.

24       So in the absence of some other showing, it would

25  appear that I am not going to be in a position to grant the

USA v. NC, et al. - Motion Hearing - 6/16/16

1  relief the parties have moved for, and I wanted to give you the

2  opportunity to address that if you think there is some other

3  basis on which I could grant relief and to give you the

4  opportunity to brief that.  Time seems to be of the essence.

5          I do note that this has been an issue that's been out

6  there for a while.  I would have presumed that the parties were

7  aware of this earlier, but it does seem to be a significant

8  question and problem in the case; and if you read some of the

9  authorities, including the ones that the parties have cited, I

10 think the joint request has some significant issues.

11         Another concern I have is the showing of irreparable

12 harm under the case law.  As important as these programs are,

13 and they appear to be extremely important, I don't have any

14 record before me that the elimination of funding for whatever

15 period of time would constitute irreparable harm.  As a general

16 rule, the elimination of funding is not irreparable harm, and

17 there are many cases to that effect, including the ones the

18 parties have cited.  That leaves open the possibility of

19 whether the programs themselves would have to shut down if the

20 funding were ended, and I don't know -- I don't have any facts

21 about what the funding situation is.  I don't know if it's a

22 block grant for a period of time.  I don't know when the next

23 funding would be.  So I'm simply without information to make

24 any finding as to irreparable harm.

25         The last issue that concerns me is there's no doubt

USA v. NC, et al. - Motion Hearing - 6/16/16

the public interest would be served by the continuation of

these programs, but there is also a public interest alleged by

the Government, and that is the elimination of the H.B. 2 law

and the public interest served by the elimination of the law,

and there is zero discussion of that in the balancing of the

public interest here in the materials.

So I have significant questions about the posture of

the motion and my underlying authority to act, and I will be

happy to give you all more opportunity to brief it, if you

wish; but based on my research to date, I am not sure that you

will find anything that shows that I have the authority.  If

that is the case, then the parties need to be prepared for

whatever consequences might flow from this, and that's why I

called you together today so you had a little bit of a

heads-up.

I would be happy to hear from any of you all if you

have some reaction to that.

**MS. STOUGHTON:**  Your Honor, this is Corey Stoughton

from the Department of Justice, Civil Rights Division.  I want

to thank you for the heads-up and for the opportunity to

address these issues.

I will start by saying that there is no question that

Congress' intent to give the attorney general the tool of

automatic suspension should be taken into account and weighed

in the Court's decision.

USA v. NC, et al. - Motion Hearing - 6/16/16

**THE COURT REPORTER:** I'm having trouble hearing her, Your Honor.

**THE COURT:** Hold on just a minute, please. We are having a little audio problem here. If you have a volume on your phone, too, if you could turn it up, that would be helpful.

**MS. STOUGHTON:** Is it better now?

**THE COURT:** Let's try that. Thank you.

**MS. STOUGHTON:** Your Honor, I was just beginning by saying that I think there's no question that Congress' intent to give the attorney general the tool of automatic suspension to be a factor in the Court's analysis, but, respectfully, I think the Court's authority to undertake this is in the statute itself because Congress didn't merely include the automatic suspension provision, but expressly included a process by which the Court would have the opportunity to weigh various factors that should come into play in considering whether that was an appropriate exercise of power in a particular instance and come to a different conclusion, which I think reflects not only Congress' clear intent that automatic suspension should not happen in every case, but also a clear grant of authority to the Court to consider the factors that should come into play in considering whether it should.

So I think in terms of the direct problem and I think the most clear problems raised of authority, that that

1    authority is there in the statute itself.

2          I think, you know, it's -- obviously, it's clear, as

3    you said, that Congress drafted those laws to give certain

4    powers of enforcement to the Federal Government, but I think

5    it's also equally clear that Congress left and only leaves it

6    to the Executive Branch the discretion to determine how to

7    exercise and execute those powers.

8          In this case, the United States has taken a clear

9    position that, in the first instance, it is preferable and we

10   hope adequate to accomplish the public interest in enforcing

11   civil rights laws by obtaining an injunction that will bring

12   the funding recipients, the VAWA funding recipients, into

13   compliance with VAWA without jeopardizing important interests

14   that are served by the funding.  In that circumstance, where

15   the United States has made that judgment, I think it is

16   consistent with Congressional intent that, you know, while

17   Congress gave that power -- again, it both clearly gave the

18   executive some power to make decisions about which amongst its

19   enforcement tools are the right tool for the job and also

20   clearly gave the Court authority to consider that judgment and

21   exercise its own discretion on whether to grant preliminary

22   relief from the automatic suspension provision.

23         I could address the other points, but I thought maybe

24   I would step down and give any other party an opportunity to be

25   heard before I turn to the other issues raised around

USA v. NC, et al. - Motion Hearing - 6/16/16

irreparable harm and the public interest.

        **THE COURT:** Does anybody else want to be heard as to the authority? I note that the statute says that once the attorney general files a civil action alleging a pattern or practice and neither party has, after such filing, been granted such preliminary relief with regard to the suspension or payment of funds as may otherwise be available by law, then the funds shall be suspended, and it's mandatory language.

        **MR. FRANCISCO:** Your Honor, this is Noel Francisco for the University of North Carolina and the Board of Governors.

        I would just echo the Department of Justice's position that it does -- this statute does, at least in our view, appear on its face to give the Court the authority to award the preliminary relief. As the Court noted, the standard is the standard for granting of preliminary injunction, but my understanding of that standard in the Fourth Circuit is that -- and also I think that, Your Honor, given that authority and the standard that applies, and it's an equitable standard, we believe that gives the Court sufficient authority to enter the relief that --

        **THE COURT:** How do I make a finding on likelihood of success on the merits? I have no briefing on that so far in this case.

        **MR. FRANCISCO:** My understanding of the preliminary

1  injunction standard is that typically the Court can grant a
2  preliminary injunction based on essentially a sliding scale set
3  of factors.  You don't need to make a finding on every one of
4  the factors.  In this particular case, it would certainly seem
5  odd to reach the likelihood of success on the merits when the
6  other factors are the ones that, in our view, are what strongly
7  support the Government's position to exercise its discretion
8  not to withdraw the funds.

9          **THE COURT:**  Anybody else wish to be heard?

10         **MS. STOUGHTON:**  I don't mean to be dominating the
11 conversation, but a couple of things in addition, if I may.

12         First, again with respect to the authority, as you
13 pointed out, the language of the statute clearly is phrased in
14 mandatory terms, but I would urge the Court to see that
15 language and read it in the context of the entire statute,
16 including the provision granting the Court authority to issue
17 preliminary relief and to see that mandatory language as a
18 default, that it gives way, should the parties invoke the
19 process that's put into the statute, for seeking relief from
20 that provision and should the Court agree that under the
21 applicable standard that relief is warranted.

22         With regard to that standard, you know, I agree, Your
23 Honor.  I understand that it is definitely the case the United
24 States does not concede and will not concede that the
25 Defendants have a likelihood of success on the merits of the

legal claim about H.B. 2's compliance with federal law, but in
this context what the briefing is meant to communicate is that
the logical application of the likelihood-of-success standard
is kind of a different beast than it might usually be, and
that's because in this case the relief that the United States
is seeking is not the suspension of funds in the first instance
or in the pleadings.

And so because of that, when a Court -- you know, for
example, in the cases from the '70s and '80s, when the Court
considered these questions in the context of the Phase Three
fact, and it was an opposed and contested motion, the argument
that was being made was that the funds should not be suspended
because at the end of the day the defendants in those cases
would prevail or were likely to prevail and, therefore, would
keep their federal funding because the cutoff for federal
funding was at issue.

In this case, that is not, at this stage, at issue;
and what the relief that the United States, the Plaintiffs, are
seeking is merely -- I mean, not merely.  I don't mean to
diminish it, but it is not a funding cutoff.  It is an
injunction to come into compliance with federal law.  In that
sense, the question of success is not really about success on
the merits, but the success in keeping that funding and the
logic of kind of ensuring -- which I'm sure Congress had in
mind, the continuity of funding, if you are going to keep the

1 funding, at the end of the day is important, and I think that

2 interest remains the case here.

3          And so although I recognize this, I'm also going to

4 recognize and acknowledge that we don't have authority for

5 citing this, that the reason for that, of course, is because,

6 frankly, this hasn't been done before, and so the Court is

7 considering this in first impression; and so that was our

8 effort to kind of translate the meaning and import of the

9 likelihood-of-success standard into this novel context.

10          I did also want to address the question of

11 irreparable harm, and, you know, we had taken the position in

12 the pleadings that the question of irreparable harm would be

13 evident from the important purposes served by the funding and

14 the natural implication that interruptions in funding would be

15 disruptive toward the important goals of those programs; but I

16 will say if the Court is unsatisfied with that, I would ask for

17 the opportunity to provide some additional factual evidence

18 pertaining to the specific, as the Court seems to urge,

19 purposes that the funding is put towards, and we could obtain

20 perhaps a declaration or some kind of statement from -- I mean,

21 on our side, I'm sure we could obtain it from the OVW, the

22 Office on Violence Against Women --

23          **THE COURT:**  Hold on just a minute.  We're having

24 difficulty hearing when you go a little bit fast.  So I am

25 going to have to ask you, Ms. Stoughton, if you don't mind just

USA v. NC, et al. – Motion Hearing – 6/16/16

1 to try to speak a little more slowly because we are having

2 audio issues here. Thank you.

3     **MS. STOUGHTON:** I apologize. I was just stating our

4 request to -- if the Court was willing to consider it, to

5 supplement the record on the question of irreparable harm, and

6 it may be that some of the other parties to the other motion

7 might want to do that as well.

8     **THE COURT:** Does anybody else wish to be heard this

9 afternoon?

10     Hearing none, I would be happy to give you additional

11 time to brief it. That's the precise reason I wanted to get

12 you on the phone today because I entertain serious concerns

13 about the relief requested. I don't doubt the motivation. I'm

14 doubting my authority. I can't act just because the parties

15 agree to something, particularly when Congress has reached a

16 determination as to how something should be done, and the

17 statute to me seems to be pretty clear. In fact, the

18 regulations implementing the statute make clear that the

19 standard for preliminary relief under the statute is the

20 standard for a preliminary injunction. In order to obtain a

21 preliminary injunction in the Fourth Circuit, you have to show

22 the likelihood of success on the merits, among other factors.

23     So if you want to brief it some more, I would be

24 happy to have you brief the various issues you think are

25 important, but I am concerned that I have the authority to

USA v. NC, et al. – Motion Hearing – 6/16/16

enter the requested relief.  If you have any example where any

court has ever granted such relief, I would very much like to

see that.  I would be surprised if there were any because I

think Congress wrote the statute, as far as I can tell, to give

the Government tremendous leverage, and that's why there's a

mandatory directive about suspending funds, which encourages

folks to work issues out; and once the Government decides to

file a civil action, then it kicks in the machinery of the

statute.

I understand that the United States has tremendous

discretion to exercise.  A lot of the discretion to exercise,

of course, is in whether to bring a case; but once it's

brought, my understanding is that the Government enjoys this

tremendous leverage under the statute, and unless -- and not

only enjoys it, but Congress has demanded that it be used, and

I need some more indication from the parties as to my authority

to rule otherwise even with the parties' agreement.  So I would

suggest you focus on the Fourth Circuit standard for

preliminary injunction whether there is, in fact, a need to

show likelihood of success on the merits.  It's my current

understanding that that would need to be shown.

I'll be happy to entertain any more briefing and any

evidence on the irreparable harm point and the funding issue

and any other issue the parties want to address.  If I'm

persuaded that there's grounds to enter it, I will enter the

USA v. NC, et al. - Motion Hearing - 6/16/16

1    order.  I am not opposed to it by any means, but I'm concerned,

2    based on all my independent research and what the parties cited

3    to me, which was not very much, that everybody's assuming

4    something that seems to be contrary to the plain language of

5    the statute.

6            So if you have any case law where injunctive relief

7    was granted in the Fourth Circuit without any showing of

8    likelihood of success on the merits or without any finding as

9    to that, then, as well, I would like to see that.

10           I don't know where this will leave things if, for

11   some reason, I am ultimately not persuaded.  I want you all to

12   at least have it on your radar.  It seems that this issue

13   arises because of the Violence Against Women Act claim here.  I

14   don't know if that leaves -- it may require procedural

15   responses from the parties.  The options are all available to

16   the parties, however they want to do it, but the 45 days is

17   running.  I think it expires next Thursday, and as I said, I'm

18   concerned that I don't have the authority to enter this.

19           So I would suggest -- if you want to brief additional

20   matters, you are welcome to brief it jointly or separately, but

21   I would suggest you have something filed by close of business

22   on Monday, and I would be happy to consider it; and if there is

23   a need for some kind of hearing, I would be happy to do that.

24           It's an important issue, but it may be that if I

25   don't -- if I'm not persuaded and if you conclude that the

USA v. NC, et al. - Motion Hearing - 6/16/16

1  authority may not be as clear as you had hoped it to be, then I
2  think you need to start making contingency plans as to how you
3  are going to deal with this issue.  I have no idea based on
4  this record how significant the funding is and what the
5  ramifications would be, but you all certainly need to put that
6  on your radar.  Either additional funds need to be found
7  somewhere else or -- you know, you have a myriad of options of
8  dealing with it, but I certainly wanted you all not to be
9  surprised if something like that were to happen.
10         So I will look for whatever you file by the end of
11  the day on Monday; and if you believe we need to have some type
12  of hearing, you're welcome to put a request in for that, and
13  I'll be happy to try to convene everybody again after that and
14  before the deadline.
15         Any other questions or anything further from anyone?
16  I'm not sure, Ms. Stoughton, I am yet persuaded as to your
17  interpretation of the statute.  It seems to be pretty
18  straightforward and require the elimination of funding unless
19  there is a grant of preliminary relief.  I don't know what
20  other escape valve there is from the statute.  If you have any
21  authority for that, I would be very interested in seeing it.  I
22  need to know what my options are rather than "just because the
23  parties have agreed to it" because that doesn't seem to fit, at
24  least as I see it, yet with the statute.
25         All right.  Thank you all very much.  I look forward

USA v. NC, et al. – Motion Hearing – 6/16/16

1   to whatever you can provide to me by close of business on

2   Monday.   Thank you.

3        (END OF PROCEEDINGS AT 5:09 P.M.)

4

5                              * * * * * *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

USA v. NC, et al. – Motion Hearing – 6/16/16

1  UNITED STATES DISTRICT COURT

2  MIDDLE DISTRICT OF NORTH CAROLINA

3  CERTIFICATE OF REPORTER

4

5

6          I,  Briana L. Nesbit, Official Court Reporter,

7  certify that the foregoing transcript is a true and correct

8  transcript of the proceedings in the above-entitled matter.

9

10         Dated this 17th day of June 2016.

11

12

13  _____
       Briana L. Nesbit, RPR
14     Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25