UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOAQUÍN CARCAÑO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROY A. COOPER, III, *et al.*,<br><br>*Defendants*,<br><br>and<br><br>PHIL BERGER, *et al.*,<br><br>*Intervenor-Defendants.* | No. 1:16-cv-00236-TDS-JEP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND EXECUTIVE BRANCH DEFENDANTS' JOINT MOTION FOR ENTRY OF A CONSENT DECREE**

Defendants Roy A. Cooper III, Joshua H. Stein, Machelle Sanders, Mandy K. Cohen, and James H. Trogdon III (collectively, "Executive Branch Defendants") (Plaintiffs and Executive Branch Defendants will be collectively referred to herein as "the Parties"), respectfully submit the following memorandum of law in support of their joint motion for entry of a consent decree.

**FACTUAL BACKGROUND**

On March 28, 2016, Plaintiffs Joaquín Carcaño, Payton Grey McGarry, Angela Gilmore, the American Civil Liberties Union of North Carolina, and Equality North Carolina initiated this action. At that time, Plaintiffs challenged North Carolina Session

1

Law 2016-3, House Bill 2 ("H.B. 2"), which dictated that an individual's use of multiple-occupancy bathrooms and changing facilities was restricted by that individual's gender, as identified on his or her birth certificate.

On March 30, 2017, H.B. 2 was repealed by North Carolina Session Law 2017-4, House Bill 142 ("H.B. 142"). In addition to repealing H.B. 2, H.B. 142 also served to reserve the authority to regulate access to multiple occupancy restrooms, showers, or changing facilities ("public facilities") to the North Carolina General Assembly.

On September 7, 2017, Plaintiffs filed a Fourth Amended Complaint, alleging that H.B. 142 violates the Due Process and Equal Protection Clauses of the United States Constitution.

Since Plaintiffs filed their Fourth Amended Complaint, the Parties have engaged in good-faith discussions to settle this dispute. The result of these negotiations was a proposed consent decree that was filed for this Court's consideration on October 18, 2017. (DE 216-1) The Court permitted the Executive Branch Defendants to answer the Plaintiffs' Fourth Amended Complaint, if necessary, 30 days after the court's disposition of the joint motion for entry of a consent decree. (DE 226)

In the interim, the Intervenor-Defendants and UNC Defendants filed motions to dismiss the Fourth Amended Complaint (DE 221, 222). The Court deferred "consideration of the proposed consent decree until the various Defendants' pending challenges to the court's jurisdiction are resolved[.]" (DE 226) On September 30, 2018, the Court granted in part and denied in part the Intervenor-Defendants' and UNC Defendants' motions to dismiss. (DE 248) The Court additionally permitted all parties to submit "additional

briefing as to the joint motion for entry of a consent decree[,]" and directed all parties to meet and confer "to determine whether any agreement can be reached as to the effect of the court's rulings on the joint motion." (DE 248 at 63-64) The Court further ordered "the parties [to] address the court's subject matter jurisdiction to enter whatever order is being proposed in light of the court's rulings." (DE 260 at 2)

All parties conducted a telephonic meet and confer session, but did not reach an agreement on the effect of the Court's previous rulings on the joint motion. In light of the Court's order, the Plaintiffs and Executive Branch Defendants have again engaged in negotiations concerning the possibility of modifying the consent decree. The proposed consent decree filed simultaneously with this memorandum of law is the product of those negotiations.

## TERMS OF THE PROPOSED CONSENT DECREE

The proposed consent decree resolves this litigation as between Plaintiffs and the Executive Branch Defendants. Specifically, the proposed consent decree enjoins the Executive Branch Defendants from taking certain actions under H.B. 142 and current North Carolina law. *See* Consent Judgment and Decree at 5. Additionally, the proposed consent decree enjoins the Executive Branch Defendants from enforcing Section 3 of H.B. 142 in a manner that restricts local governments from interpreting other existing laws that may protect against discrimination "on the basis of sexual orientation, gender identity or gender expression." *Id.* at 6. The proposed consent decree also dismisses all of Plaintiffs' claims against the Executive Branch Defendants with prejudice, and provides for each participating party to bear its own costs, fees, and expenses. *Id.* at 6.

## ARGUMENT

I. **The Proposed Consent Decree Is in the Public Interest and Is Fair, Adequate, and Reasonable.**

The proposed consent decree provides for Plaintiffs to dismiss their challenges to Sections 2, 3 and 4 of H.B. 142 against the Executive Branch Defendants, and to forego all associated damages, costs, expenses, and attorneys' fees that may have accrued since the onset of this litigation. The proposed consent decree simply recognizes that any interpretation or application of H.B. 142 that bars transgender people from using public facilities in accordance with their gender identity raises federal-law concerns, including concerns over constitutional guarantees of equal protection and due process, and that clarification of the proper scope of H.B. 142 is therefore necessary and appropriate. That recognition fully accords with the Court's conclusion that unlike H.B. 2, H.B. 142 does not require that multiple occupancy public facilities be "designated for use only by persons of the same 'biological sex[.]'" (DE 248 at 24-25) The proposed consent decree appropriately acknowledges that understanding of H.B. 142 in legally binding terms.

Additionally, the proposed consent decree addresses the Court's recent finding that Plaintiffs' Fourth Amended Complaint plausibly pleaded that H.B. 142 served to harm Plaintiffs by preempting local non-discrimination policies and ordinances. (DE 248 at 31-39, 50-60) After extensive negotiations, the Parties have agreed that a court decree enjoining the Executive Branch Defendants from enforcing Section 3 of H.B. 142 in a manner that prohibits local governments from interpreting other existing laws as protection

4

Case 1:16-cv-00236-TDS-JEP   Document 266   Filed 12/21/18   Page 4 of 9

against the enumerated acts of discrimination would meet the spirit of the Court's September 30, 2018 ruling, and otherwise best serves the public's interests.

The consent decree represents a fair, adequate, and reasonable resolution to the constitutional claims raised by Plaintiffs. Further, the agreement between the Parties forestalls protracted litigation that would otherwise likely ensue, thereby conserving public resources. Finally, the consent decree reaffirms the parameters of the Executive Branch Defendants' enforcement of existing North Carolina law. By extension, the State's citizens consequently benefit from the entry of this consent decree.

## II. This Court Has the Requisite Subject Matter Jurisdiction to Enter the Proposed Consent Decree.

On September 30, 2018, this Court granted in part and denied in part the Intervenor-Defendants' and UNC Defendants' motions to dismiss. (DE 248 at 63) By doing so, the Court determined that Plaintiffs possessed standing to bring at least some of their claims, and rejected the arguments posed by the Intervenor-Defendants and UNC Defendants that the Court lacked the requisite subject matter jurisdiction.[1]

"[T]he district court's power to enter the decree depend[s] on its having subject matter jurisdiction over the case." *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275, 299 (4th Cir. 2001) (citing *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525, 106 S. Ct. 3063 (1986). "But a trial court approving a settlement need not inquire into

---

[1] If this Court declines to enter the proposed consent decree, the Executive Branch Defendants expressly reserve a right to assert all applicable defenses, including appropriate jurisdictional challenges, if any, in their responsive pleadings in due course of the proceedings.

5

the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy." *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (2000), *aff'd sub nom. Bragg v. W. Va. Coal Ass'n,* 248 F.3d 275, 299 (4th Cir. 2001) (citing *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983). In other words, in order to conclude that it has the authority to approve the proposed consent decree, this Court needs not engage in further analysis regarding whether the various claims alleged by Plaintiffs are meritorious. "In fact, it is precisely the desire to avoid a protracted examination of the parties' legal rights that underlies entry of consent decrees. Both the parties and the general public benefit from the saving of time and money that results from the voluntary settlement of litigation." *Id*.

The Court has found that that it possesses subject matter jurisdiction over the case. Subsequently, this Court has power to enter the consent decree submitted by the Parties.

## CONCLUSION

For the reasons stated herein, the Parties respectfully request that the Court enter the proposed consent decree.

Respectfully submitted, this the 21st day of December, 2018.


JOSHUA H. STEIN
ATTORNEY GENERAL
STATE OF NORTH CAROLINA

| | |
|---|---|
| /s/ Amar Majmundar | /s/ Olga E. Vysotskaya de Brito |
| Amar Majmundar | Olga E. Vysotskaya de Brito |
| NC Bar No. 24668 | NC Bar No. 31846 |
| SENIOR DEPUTY ATTORNEY GENERAL | SPECIAL DEPUTY ATTORNEY GENERAL |

6

NORTH CAROLINA DEPARTMENT OF JUSTICE
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6821
Facsimile: (919) 716-6759
amajmundar@ncdoj.gov

NORTH CAROLINA DEPARTMENT OF JUSTICE
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-0185
Facsimile: (919) 716-6759
ovysotskaya@ncdoj.gov

*Counsel for Defendants GOV. ROY A. COOPER, III in his Official Capacity as Governor of North Carolina; JOSHUA H. STEIN, in his official capacity as Attorney General of North Carolina; MACHELLE SANDERS, in her official capacity as Secretary of the North Carolina Department of Administration; MANDY K. COHEN, in her official capacity as Secretary of the North Carolina Department of Health and Human Services; and JAMES H. TROGDON III, in his official capacity as Secretary of the North Carolina Department of Transportation.*

## CERTIFICATE OF WORD COUNT

I hereby certify that this brief complies with the word limits of Local Civil Rule 7.3(d) because, excluding the parts exempted by the rule, the brief contains 1,361 words.

/s/Olga E. Vysotskaya de Brito<br>
Olga E. Vysotskaya de Brito

## CERTIFICATE OF SERVICE

I, Olga E. Vysotskaya de Brito, hereby certify that on December 21, 2018, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND EXECUTIVE BRANCH DEFENDANTS' JOINT MOTION FOR ENTRY OF A CONSENT DECREE, using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

/s/Olga E. Vysotskaya de Brito
Olga E. Vysotskaya de Brito