UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOAQUÍN CARCAÑO, *et al.*,

    *Plaintiffs*,

v.

ROY A. COOPER, III, *et al.*,

    *Defendants*,

PHIL BERGER, *et al.*,

    *Intervenor-Defendants*.

No. 1:16-cv-00236-TDS-JEP

## CONSENT JUDGMENT AND DECREE

1.    Whereas on March 28, 2016, Plaintiffs Joaquín Carcaño, Payton Grey McGarry, Angela Gilmore, the American Civil Liberties Union of North Carolina ("ACLU-NC"), and Equality North Carolina filed a complaint challenging House Bill 2 (Session Law 2016-3, hereafter referred to as "H.B. 2") and seeking relief from Defendants Patrick McCrory, in his official capacity as Governor of North Carolina; Roy A. Cooper III, in his official capacity as Attorney General of North Carolina; the University of North Carolina; the Board of Governors of the University of North Carolina; and W. Louis Bissette, Jr., in his official capacity as Chairman of the Board of Governors of the University of North Carolina.

2.    Whereas Phil Berger, in his official capacity as President Pro Tempore of the North Carolina Senate; and Tim Moore, in his official capacity as Speaker of the North

1

Carolina House of Representatives, sought and were granted permissive intervention in this action on June 6, 2016.

3. Whereas Roy A. Cooper, III took office as Governor of North Carolina on January 1, 2017, and was automatically substituted as a defendant for Governor McCrory in his official capacity as Governor of North Carolina pursuant to Federal Rule of Civil Procedure 25(d).

4. Whereas on March 30, 2017, the North Carolina General Assembly enacted, and Governor Cooper signed, House Bill 142, codified as Session Law 2017-4 ("H.B. 142"). H.B. 142, incorporated herein as "Exhibit A," rescinded H.B. 2's provisions limiting transgender individuals' use of public facilities. The term "public facilities" as used throughout this Consent Decree refers to ~~the types of~~ multiple occupancy restrooms, showers, or changing facilities ~~identified~~ as referenced in N.C.G.S. § 143-760 and sect. 2 of H.B. 142.

5. Whereas on July 21, 2017, Plaintiffs Joaquín Carcaño, Payton Grey McGarry, Hunter Schafer, Madeline Goss, Angela Gilmore, Quinton Harper, and ACLU-NC ("Plaintiffs") filed a Fourth Amended Complaint challenging Sections 2, 3, and 4 of H.B. 142 and seeking relief from Defendants Roy A. Cooper, III, in his official capacity as Governor of North Carolina; the University of North Carolina; Margaret Spellings, in her official capacity as President of the University of North Carolina; Josh Stein, in his official capacity as Attorney General of North Carolina; Machelle Sanders, in her official capacity as Secretary of the North Carolina Department of Administration; Mandy K. Cohen, in her official capacity as Secretary of the North Carolina Department of Health and Human

Services; and, James H. Trogdon III, in his official capacity as Secretary of the North Carolina Department of Transportation.

6. Whereas Governor Cooper, Attorney General Stein, Secretary Sanders, Secretary Cohen, and Secretary Trogdon ("Executive Branch Defendants") believe that continued litigation over the meaning and enforcement of H.B. 142 will result in the unnecessary expenditure of State resources, and is contrary to the best interests of the State of North Carolina.

7. Whereas Executive Branch Defendants do not waive any protections offered to them through federal or state law, and do not make any representation regarding the merits of Plaintiffs' claims or potential defenses which could be raised in court.

8. Whereas Plaintiffs and the Executive Branch Defendants (collectively referred to as "the Consent Parties") believe that a resolution of the matter at this time and in the manner encompassed by the terms of this Consent Decree serves the best interests of the State and its citizens.

9. Whereas the Consent Parties agree that this Consent Decree promotes judicial economy, protects the limited resources of the Consent Parties, and resolves Plaintiffs' claims against the Executive Branch Defendants.

10. Whereas the Consent Parties agree that Section 2 of H.B. 142 must be interpreted to mean that no executive agency, officer, employee, or agent thereof, may promulgate any regulation which prevents transgender people from using public facilities in accordance with their gender identity.

11. Whereas the Consent Parties further agree that any interpretation or application of Section 2 of H.B. 142 that bars, prohibits, blocks, deters, or impedes transgender people from using public facilities in accordance with their gender identity or subjects transgender people to arrest, prosecution, or criminal sanctions for doing so, raises serious federal-law concerns, including concerns over constitutional guarantees of equal protection and due process, as well as other applicable federal statutes.

12. Whereas the Court held that "Nothing in the language of Section 2 can be construed to prevent transgender individuals from using the restrooms that align with their gender identity[.]" ECF 248 at 49.

~~13. Whereas Section 3 of H.B. 142 states that "no local government in this State may enact or amend an ordinance regulating private employment practices or regulating public accommodations" and the Court concluded that Plaintiffs have plausibly pleaded that Section 3 of H.B. 142 "impacts them disproportionately[.]" ECF 248 at 50.~~

~~14.~~13. Whereas the Consent Parties wish to record the interpretation of H.B. 142 set forth in this Consent Decree, and thereby effect a binding and enforceable resolution of the claims by Plaintiffs against the Executive Branch Defendants with respect to H.B. 142.

~~15.~~14. Whereas the Consent Parties therefore consent to entry of the following final and binding judgment as dispositive of all claims raised by Plaintiffs against the Executive Branch Defendants with respect to H.B. 142.

~~16.~~15. Whereas Plaintiffs agree to a waiver of any entitlement to damages, fees, including attorneys' fees, expenses, and costs against the Executive Branch Defendants, with respect to any and all claims raised by Plaintiffs in this action.

~~17.~~16. Whereas Plaintiffs further agree that dismissal of any and all remaining claims stemming from H.B. 2 and H.B. 142, against the Executive Branch Defendants is appropriate, and therefore request a dismissal of all remaining claims against the Executive Branch Defendants with prejudice following the formal approval of the Consent Decree by the presiding District Court Judge.

~~18.~~17. Whereas the Consent Parties intend the following Consent Decree to clarify that nothing in H.B. 142 can be construed to prevent any person from lawfully using a public facility under Executive Branch control that accords with such person's gender identity, and to be binding for purposes of issue preclusion and claim preclusion in all future actions, including through non-mutual offensive collateral estoppel.

~~19. Whereas the Consent Parties intend the following Consent Decree to clarify that their interpretation is that nothing in Section 3 of H.B. 142 prohibits any local government in the State of North Carolina from interpreting other existing laws to protect against discrimination on the basis of sexual orientation or gender identity or expression.~~

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. With respect to public facilities that are subject to Executive Branch Defendants' control or supervision, the Consent Parties agree that nothing in Section 2 of H.B. 142 can be construed by the Executive Branch Defendants to prevent transgender people from lawfully using public facilities in accordance with their gender identity. The Executive Branch Defendants as used in this paragraph shall include their successors,

officers, and employees. This Order does not preclude any of the Parties from challenging or acting in accordance with future legislation.

~~2.~~ The Executive Branch Defendants, in their official capacities, and all successors, officers, and employees are hereby permanently enjoined from ~~enforcing~~applying Section 2 of H.B. 142 to bar, prohibit, block, deter, or impede any transgender individuals from using public facilities under any Executive Branch Defendant's control or supervision, in accordance with the transgender individual's gender identity. Under the authority granted by the General Statutes existing as of December 21, 2018, and notwithstanding N.C.G.S. § 114-11.6, the Executive Branch Defendants are enjoined from prosecuting an individual ~~who uses~~under Section 2 of H.B. 142 for using public facilities under the control or supervision of the Executive Branch, when such otherwise lawful use conforms with the individual's gender identity~~, and is otherwise lawful~~.

~~3.~~2. ~~The Executive Branch Defendants, in their official capacities, and their successors, officers, and employees are hereby permanently enjoined from enforcing Section 3 of H.B. 142 to restrict any local government from interpreting other existing laws as protecting against discrimination on the basis of sexual orientation, gender identity or gender expression.~~.

~~4.~~3. The Consent Parties shall each bear their own fees, expenses, and costs with respect to all claims raised by Plaintiffs against the Executive Branch Defendants.

~~5.~~4. All remaining claims filed by Plaintiffs against the Executive Branch Defendants in this action are hereby dismissed with prejudice.

6

IT IS SO ORDERED:

Dated:_____

                                            The Honorable Thomas D. Schroeder
                                            United States District Judge

| | |
|---|---|
| /s/ ~~Christopher A. Brook~~<br>~~Christopher A. Brook~~Irena Como<br>Irena Como (NC Bar No. ~~33838~~51812)<br>~~Irena Como*~~<br>AMERICAN CIVIL LIBERTIES UNION OF<br>   NORTH CAROLINA LEGAL<br>   FOUNDATION<br>Post Office Box 28004<br>Raleigh, North Carolina 27611<br>Telephone: 919-834-3466<br>Facsimile: 866-511-1344<br>~~cbrook@acluofnc.org~~<br>icomo@acluofnc.org<br><br>James D. Esseks*<br>Leslie Cooper* | Tara L. Borelli*<br>Peter C. Renn*<br>LAMBDA LEGAL DEFENSE AND<br>   EDUCATION FUND, INC.<br>730 Peachtree Street NE, Suite 1070<br>Atlanta, GA 30308-1210<br>Telephone: 404-897-1880<br>Facsimile: 404-897-1884<br>tborelli@lambdalegal.org<br>prenn@lambdalegal.org<br><br>~~Scott B. Wilkens*~~<br>~~Luke C. Platzer~~Devi M. Rao*<br>Andrew C. Noll*<br>JENNER & BLOCK LLP |

Elizabeth O. Gill*
Chase B. Strangio*
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad St., 18th Fl.
New York, NY 10004
Telephone: 212-549-2627
Facsimile: 212-549-2650
jesseks@aclu.org
lcooper@aclu.org
egill@aclunc.org
cstrangio@aclu.org

1099 New York Avenue, NW Suite 900
Washington, DC 20001-4412
Telephone: 202-639-6000
Facsimile: 202-639-6066
~~swilkens@jenner.com~~
~~lplatzer~~drao@jenner.com
anoll@jenner.com

Scott B. Wilkens*
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202-719-7000
Facsimile: 202-719-7049
swilkens@wileyrein.com

*Appearing by special appearance pursuant to L.R. 83.1(d).

*Counsel for Plaintiffs*

JOSHUA H. STEIN
ATTORNEY GENERAL
STATE OF NORTH CAROLINA

/s/ Amar Majmundar
Amar Majmundar
NC Bar No. 24668
SPECIAL DEPUTY ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF
JUSTICE
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6821
Facsimile: (919) 716-6759

/s/ Olga E. Vysotskaya de Brito
Olga E. Vysotskaya de Brito
NC Bar No. 31846
SPECIAL DEPUTY ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF
JUSTICE
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-0185
Facsimile: (919) 716-6759

amajmundar@ncdoj.gov  ovysotskaya@ncdoj.gov

*Counsel for Defendants GOV. ROY A. COOPER, III, in his Official Capacity as Governor of North Carolina, JOSHUA H. STEIN, in his official capacity as Attorney General of North Carolina; MACHELLE SANDERS, in her official capacity as Secretary of the North Carolina Department of Administration; MANDY K. COHEN, in her official capacity as Secretary of the North Carolina Department of Health and Human Services; and JAMES H. TROGDON III, in his official capacity as Secretary of the North Carolina Department of Transportation.*