UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOAQUÍN CARCAÑO, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 1:16-cv-00236-TDS-JEP |
| ROY A. COOPER, III, *et al.*, | |
| *Defendants*, | |
| and | |
| PHIL BERGER, *et al.*, | |
| *Intervenor-Defendants.* | |

**PLAINTIFFS' BRIEF ADDRESSING MODIFIED PROPOSED CONSENT DECREE AND IN SUPPORT OF THE SUPPLEMENTAL JOINT MOTION FOR ENTRY OF A CONSENT DECREE**

Pursuant to the Court's May 20, 2019 Order, *see* ECF No. 286, Plaintiffs Joaquín Carcaño, Payton Grey McGarry, Hunter Schafer, Quinton Harper, Angela Gilmore, Madeline Goss, and American Civil Liberties Union of North Carolina (collectively, "Plaintiffs"), respectfully submit the following brief to address the proposed consent decree filed contemporaneously with this brief, and in continued support of the Supplemental Joint Motion for Entry of a Consent Decree submitted by Plaintiffs and Defendants Roy A. Cooper III, Joshua Stein, Machelle Sanders, Mandy K. Cohen, and

1

James H. Trogdon III (collectively, "Executive Branch Defendants") (collectively referred to herein as "the Consent Parties").

Following the hearing held on May 17, 2019, and consistent with the Court's and the parties' concerns expressed during the hearing, the Consent Parties have agreed to a modified proposed consent decree.  *See* Consent Judgment and Decree.  The Consent Parties have conferred with counsel for the Legislative-Intervenors and UNC in an effort to come to an agreement with all parties about the scope of the proposed consent decree.  While Consent Parties have endeavored to obtain all parties' agreement on the terms of the proposed consent decree, Intervenors have indicated that they continue to oppose the modified proposed consent decree.  UNC has indicated that it takes no position.

Notwithstanding the Intervenors' continued objection to the consent decree, the modified proposal resolves the concerns expressed by the Court at the May 17, 2019 hearing and is fair, adequate, and reasonable and in the public interest.  Intervenors' opposition to the motion is not a legally valid basis to deny entry of the consent decree.  Intervenors cannot block entry of a consent decree resolving Plaintiffs' claims against the Executive Branch Defendants whom Plaintiffs actually (and properly) named as defendants under *Ex parte Young*.  *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528-29 (1986).  Indeed, the modified proposed consent decree makes abundantly clear that the decree imposes no obligations on Intervenors and does not in any way interfere with Intervenors' legislative interests or ability to take whatever positions they may seek to take in future, unrelated litigation.  The Court should enter the modified proposed consent decree.

## I. The Modified Proposed Consent Decree Resolves the Court's Concerns.

The Consent Parties have negotiated a modified proposed consent decree that endeavors to clarify the scope of the decree and address the concerns the Court raised at the May 17, 2019 hearing.

Specifically, Recital Paragraph 4 now exactly tracks the language of H.B. 142 Section 2 in describing the facilities that are encompassed by the proposed consent decree. *See* Consent Judgment and Decree at 2 ¶ 4. It has always been the Consent Parties' intent that the decree reach only those facilities governed by H.B. 142. Recital Paragraph 4 now makes clear that the term "public facilities" used throughout the decree refers exclusively to those facilities covered by H.B. 142.

Second, Paragraph 1 of the consent decree has been modified to make clear that the decree places specific obligations on the *Executive Branch Defendants* related to those defendants' construal of Section 2 of H.B. 142. Consent Judgment and Decree at 5 ¶ 1. Paragraph 2, in turn, has been modified to remain consistent with this Court's interpretation of H.B. 142 as lacking an enforcement mechanism, and also to provide additional clarity about the scope of the Executive Branch Defendants' prosecution authority under N.C.G.S. § 114-11.6. *Id.* at 6 ¶ 2. Paragraph 2 now makes clear that the provision is limited to prosecution under *Section 2 of H.B. 142* and applies when an individual's use of a restroom, consistent with his gender identity, is otherwise lawful.

Finally, in light of the concerns the Court and the Intervenors raised at the hearing, the Consent Parties have agreed to eliminate what had previously been Paragraph 3 of the decree. Because Governor Cooper and the current Executive Branch administration will

3

remain in office through the December 1, 2020 sunset of Section 3—and given the Executive Branch Defendants' expressed agreement to the interpretation set forth in what had previously been Paragraph 3—Plaintiffs have determined that the modest relief previously embodied in Paragraph 3 ultimately is not essential to Plaintiffs' ability to resolve their claims. Despite the Consent Parties' agreement to eliminate Paragraph 3, Intervenors have indicated that they continue to oppose the consent decree.

## II.     The Modified Proposed Consent Decree is Fair, Adequate, and Reasonable, and in the Public Interest.

With the modifications agreed to by the Consent Parties, there can be no doubt that the modified proposed consent decree is fair, adequate, and reasonable and in the public interest.  Plaintiffs incorporate their prior arguments made both in briefing and at the hearing on these issues.  *See* Pls.' Mem. Supp. Consent Decree, ECF No. 265 ("Pls.' Mem."); Pls.' Reply Supp. Consent Decree, ECF No. 276 ("Pls.' Reply"); *see generally* Hearing Tr., ECF No. 287.  It is also clear that this Court found subject-matter jurisdiction over Plaintiffs' Equal Protection Claims, as alleged in Count Two of the Fourth Amended Complaint, and therefore that the Court has jurisdiction to enter the proposed consent decree.  *See* Hearing Tr. at 12:20-16:17, 23:21-25:12; *see also* Pls.' Mem. at 9-12; Pls.' Reply at 2-6.

With respect to Paragraphs 1 and 2 of the modified proposed consent decree, Plaintiffs further note that Intervenors' counsel conceded at the hearing that the provisions of the consent decree that relate to Section 2 of H.B. 142 merely accept the Court's reading of Section 2, and do not dispute the validity of this Court's reading of the

4

law. *See* Hearing Tr. at 7:12-14, 9:13-16. Intervenors' counsel also agreed that revising Paragraph 1 of the consent decree to clarify that the Executive Branch Defendants are prohibiting from *construing* H.B. 142 inconsistently with the Court's reading "would be unobjectionable." *Id.* at 9:3-5. Because Paragraphs 1 and 2 of the modified proposed consent decree do no more than require the Executive Branch Defendants to act consistently with Section 2 of H.B. 142—and thus, consistently with the law—those provisions are reasonable and in the public interest.

For these reasons, and those expressed in Plaintiffs' prior briefing and at the hearing, the modified proposed consent decree should be entered.

## III. Intervenors' Continued Objection to the Consent Decree is Not an Obstacle to Entry of the Decree.

Despite the modifications the Consent Parties have made to the decree, Intervenors continue to indicate that they oppose entry of the consent decree. However, Intervenors' consent to or lack of opposition is not essential to Plaintiffs' ability to enter a consent decree with *other parties*. Given the scope and terms of the modified proposed consent decree, Intervenors' continued opposition is not a legal basis for this Court to deny entry of the consent decree.

The Supreme Court has made abundantly clear that "[i]t has never been supposed that one party—whether an original party, a party that was joined later, or an intervenor—could preclude other parties from settling their own disputes and thereby withdrawing from [the] litigation." *Local No. 93*, 478 U.S. at 528-29. An intervenor may "present evidence and have its objections heard at the hearings on whether to

approve a consent decree," but "it does not have power to block the decree merely by withholding its consent." *Id.* at 529. Intervenors here cannot block entry of a consent decree that resolves Plaintiffs' claims against the Executive Branch Defendants—whom Plaintiffs actually (and properly) named as defendants consistent with *Ex parte Young*.

Intervenors are not named as parties to the consent decree. The modified proposed consent decree does not impose any obligations or limitations on Intervenors. The consent decree places no limitation on Intervenors' legislative prerogatives, because it expressly acknowledges the General Assembly's ability to enact new or to amend existing legislation. *See* Consent Judgment and Decree at 5 ¶ 1. The decree also does not affect the application of or enforcement of laws other than H.B. 142. *Id.* at 6 ¶ 2 (enjoying prosecution under Section 2 of H.B. 142 when use is "otherwise lawful"). Finally, the consent decree does not invalidate H.B. 142 at all—it leaves the law in place and adopts the Court's reading of Section 2.

In light of the Court's and Intervenors' concern that the previously proposed consent decree might place some limitation (which the decree did not) on Intervenors' ability to take a different position on the meaning and effect of Section 3, as applied to a local government's interpretation of an existing law, the Consent Parties have agreed to eliminate Paragraph 3 entirely. This change resolves any concern that the modified proposed consent decree in any way hinders the Intervenors' interests.

Intervenors do not "have power to block the decree merely by withholding [their] consent," *Local No. 93*, 478 U.S. at 529, and the proposed consent decree does not affect Intervenors' interests in any way. This Court can—and should—enter it notwithstanding

6

Intervenors' continued objections and bring an end to a significant portion of this long-running litigation.

*   *   *

## CONCLUSION

Plaintiffs respectfully request that the Court enter the modified proposed consent decree attached hereto.

Dated: May 31, 2019

Respectfully submitted,

/s/ Irena Como
Irena Como (NC Bar No. 51812)
AMERICAN CIVIL LIBERTIES UNION OF
   NORTH CAROLINA LEGAL FOUNDATION
Post Office Box 28004
Raleigh, North Carolina 27611
Telephone: 919-834-3466
Facsimile: 866-511-1344
icomo@acluofnc.org

James D. Esseks*
Leslie Cooper*
Elizabeth O. Gill*
Chase B. Strangio*
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad St., 18th Fl.
New York, NY 10004
Telephone: 212-549-2627
Facsimile: 212-549-2650
jesseks@aclu.org
lcooper@aclu.org
egill@aclunc.org
cstrangio@aclu.org

Tara L. Borelli*
Peter C. Renn*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 1070
Atlanta, GA 30308-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org
prenn@lambdalegal.org

Devi M. Rao*
Andrew C. Noll*
JENNER & BLOCK LLP
1099 New York Avenue, NW Suite 900
Washington, DC 20001-4412
Telephone: 202-639-6000
Facsimile: 202-639-6066
drao@jenner.com
anoll@jenner.com

Scott B. Wilkens*
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202-719-7000
Facsimile: 202-719-7049
swilkens@wileyrein.com

*Appearing by special appearance pursuant to L.R. 83.1(d)

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Irena Como, hereby certify that on May 31, 2019, I electronically filed the foregoing PLAINTIFFS' BRIEF ADDRESSING MODIFIED PROPOSED CONSENT DECREE AND IN SUPPORT OF THE SUPPLEMENTAL JOINT MOTION FOR ENTRY OF A CONSENT DECREE using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

/s/ Irena Como

*Counsel for Plaintiffs*