# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOAQUÍN CARCAÑO, *et al.*,

          *Plaintiffs*,

      v.

ROY A. COOPER, III, *et al.*,

          *Defendants*,

      and

PHIL BERGER, *et al.*,

          *Intervenor-Defendants.*

No. 1:16-cv-00236-TDS-JEP

## EXECUTIVE BRANCH DEFENDANTS' BRIEF IN SUPPORT OF THE SUPPLEMENTAL JOINT MOTION FOR ENTRY OF A CONSENT DECREE

Pursuant to the Court's May 20, 2019 Order, [DE 286], Defendants Roy A. Cooper III, Joshua H. Stein, Machelle Sanders, Mandy K. Cohen, and James H. Trogdon III ("Executive Branch Defendants"), respectfully submit the following brief in support of the Supplemental Joint Motion for Entry of a Consent Decree submitted by Plaintiffs and Executive Branch Defendants, (collectively referred to as "the Consent Parties").

1

## ARGUMENT

Executive Branch Defendants rely upon and incorporate by reference all arguments articulated in their memorandum of law in support of a joint motion for entry of a Consent Decree, [DE 266], and their reply to the Legislative Intervenor-Defendants' ("Intervenors") memorandum in opposition to the Consent Parties' joint motion for entry of a Consent Decree, [DE 277].

For reasons articulated by the Executive Branch Defendants on February 22, 2019, [DE 277 at 3-6], this Court continues to possess the requisite subject matter jurisdiction to approve the terms of the Consent Decree proposed by the Consent Parties. Current modifications to the proposed Consent Decree address specific questions and concerns raised by the Court during the May 17, 2019 hearing. The Decree has also been amended, on request of the Legislative Intervenors, to eliminate a decretal paragraph that touched upon local government's interpretation of other existing laws. The Court should approve the Consent Decree notwithstanding the Intervenors' continued objection.

First, the proposed Consent Decree is fair, reasonable, and adequate. It recognizes that transgender people may access public facilities in accordance with their gender identity. [DE 266 at 4] The Consent Decree fully comports with this Court's most recent conclusion that HB 142 does not in any way regulate individuals' ability to use any facility in accordance with their gender identity. [DE 248 at 24, 29]

Second, the Consent Decree has been negotiated, and is being entered into by meaningful adversaries. This Court has already found that Plaintiffs have "adequately alleged traceability [to their alleged HB 142, Section 2 and 3, equal protection injury] as to

2

the Executive Branch Defendants[.]"  [DE 248 at 37]  That legal adversity is not diminished by the fact that the Parties were able to reach an agreement of how to settle the controversy between them.  [See DE 277 at 6-8]  No specific evidence of collusion or lack of adversity between the Consent Parties was offered by the Legislative Intervenors.

Third, the agreement reached by the Consent Parties safeguards substantial public resources.   Plaintiffs agree to forego any past or future "fees, expenses and costs" to be paid by the Executive Branch Defendants, and to terminate all claims against the Executive Branch with prejudice.  Given the protracted history of this litigation, the Court should take into consideration that weighty benefit of the negotiated Consent Decree.  [DE 266 at 10]

Fourth, the proposed Consent Decree has been modified to clarify the scope of the decree and to address the concerns the Court raised at the May 17, 2019 hearing.

- Recital Paragraph 4 is now a mirror image of the language of H.B. 142 Section 2 in describing the facilities that are subject to the proposed Consent Decree.  [Consent Judgment and Decree at 2 ¶ 4].  Recital Paragraph 4, as modified, makes patently clear that the term "public facilities" in the body of the proposed Consent Decree refers to the facilities covered by H.B. 142.

- Paragraph 1 of the Consent Decree simply clarifies that the Decree places specific obligations on the Executive Branch related to Executive Branch Defendants' interpretation of Section 2 of H.B. 142.  [Consent Judgment and Decree at 5 ¶ 1].

- Paragraph 2 has been modified slightly to be consistent with this Court's interpretation of H.B. 142 as lacking an enforcement mechanism.  [Id. at 6 ¶

3

2.] As modified, it also addresses the Legislative Intervenors' concern about hypothetical interaction of the Consent Decree with a general law enforcement mandate to faithfully execute other penal laws, including that of a criminal trespass. Paragraph 2 makes explicit that an individual will not be criminally prosecuted by the Executive Branch Defendants when an individual's use of a public facility is both: consistent with his gender identity, and is otherwise lawful.

- Finally, the Consent Parties have agreed to eliminate what had previously been Paragraph 3 of the Consent Decree. Despite the Consent Parties' agreement to eliminate Paragraph 3, as requested by Legislative Intervenors, the Intervenors have indicated that they continue to oppose the terms of the modified Consent Decree.

Even though the Intervenors continue to object to the proposed Consent Decree, they do not argue that the Executive Branch Defendants should prevent transgender individuals' access to public facilities in accordance with their gender identity, or that the Court erred in concluding that "HB142 says nothing about Plaintiffs' ability to use any facility of any kind[.]" [DE 248 at 24-25, 29]. The terms of the proposed Consent Decree therefore undermine no public policy, are in full harmony with this Court's interpretation of HB 142, and are also in public's best interest.

4

## <u>CONCLUSION</u>

For the reasons stated herein, the Executive Branch Defendants respectfully request that the Court enter the proposed Consent Decree.

Dated: May 31, 2019                                    Respectfully submitted,

JOSHUA H. STEIN
ATTORNEY GENERAL
STATE OF NORTH CAROLINA

<u>/s/ Amar Majmundar</u>                            <u>/s/ Olga E. Vysotskaya de Brito</u>
Amar Majmundar                                       Olga E. Vysotskaya de Brito
NC Bar No. 24668                                     NC Bar No. 31846
SENIOR DEPUTY ATTORNEY                               SPECIAL DEPUTY ATTORNEY GENERAL
GENERAL                                              NORTH CAROLINA DEPARTMENT OF
NORTH CAROLINA DEPARTMENT OF                         JUSTICE
JUSTICE                                              Post Office Box 629
Post Office Box 629                                  Raleigh, NC 27602
Raleigh, NC 27602                                    Telephone: (919) 716-0185
Telephone: (919) 716-6821                            Facsimile: (919) 716-6759
Facsimile: (919) 716-6759                            ovysotskaya@ncdoj.gov
amajmundar@ncdoj.gov

*Counsel for Defendants GOV. ROY A. COOPER, III in his Official Capacity as Governor of North Carolina; JOSHUA H. STEIN, in his official capacity as Attorney General of North Carolina; MACHELLE SANDERS, in her official capacity as Secretary of the North Carolina Department of Administration; MANDY K. COHEN, in her official capacity as Secretary of the North Carolina Department of Health and Human Services; and JAMES H. TROGDON III, in his official capacity as Secretary of the North Carolina Department of Transportation.*

5

## **CERTIFICATE OF COMPLIANCE**

This brief complies with Local Rule 7.3(d) because, excluding the parts of the brief exempted by Rule 7.3(d) (cover page, caption, signature lines, and certificates of counsel), this brief contains less than 15 pages.

/s/Olga E. Vysotskaya de Brito
Olga E. Vysotskaya de Brito
Special Deputy Attorney General

**CERTIFICATE OF SERVICE**

I, Olga E. Vysotskaya de Brito, hereby certify that on May 31, 2019, I electronically filed the foregoing EXECUTIVE BRANCH DEFENDANTS' BRIEF IN SUPPORT OF THE SUPPLEMENTAL JOINT MOTION FOR ENTRY OF A CONSENT DECREE, using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

/s/Olga E. Vysotskaya de Brito
Olga E. Vysotskaya de Brito
Special Deputy Attorney General

7